Rowland *vs.* Ransome & Company.

---

EDWARD S. ROWLAND, plaintiff in error, *vs.* W. A. RANSOME & COMPANY, defendants in error.

(LOCHRANE, Chief Justice, having been of counsel below would not preside.)

Unless it is apparent that the presiding Judge of the Court below has violated some legal or equitable rule in refusing to grant an injunction, this Court will not interfere with the exercise of his discretion.

Equity. Injunction. Before Judge JOHNSON. Muscogee Superior Court. June, 1871.

Rowland, of New Haven, Connecticut, made the following complaint: In 1859 he sold Coleman goods for $369 75, and took his note therefor, sued upon this note and obtained judgment in March, 1867, but as yet has not collected the money. In 1863, Coleman, to defraud Rowland, made a false, *ex parte* statement to the Chancellor, that his wife had a separate estate, and procured himself to be appointed her trustee. She never had any trust property but about $300 00 worth, and that Coleman reduced to his possession between their marriage and the giving of said note.

In April, 1866, after Rowland sued Coleman, Mrs. Coleman and Ransome & Company, of New York city, knew he owed said debt and was sued therefor, and yet they all combined to hinder and delay Rowland from collecting his said debt, and to execute this said purpose, Coleman and his wife assigned to Ransome & Company a certain stock of goods in Coleman's possession, it being all his property, subject to levy and sale. Ransome & Company accepted the deed, appointed Coleman their agent, with authority to dispose of said property as he pleased, and left them under his absolute and exclusive control. This was carefully concealed from Rowland.

In August, 1867, Mrs. Coleman filed a bill against Coleman and Ransome & Company, to set aside said assignment and have said property declared a part of her trust estate, and under the prayer of said bill the goods were put into the hands of a Receiver. The Receiver sold the goods, and holds $1,100 00 subject to the order of the Court. The case of Mrs. Coleman against Coleman and Ransome & Company, resulted in a decree that Ransome & Company were entitled to the proceeds of said goods. Coleman is insolvent, Ransome & Company reside out of this State, and have no property here. He prayed that the Receiver should not pay out the proceeds to Ransome & Company; that another Receiver be appointed to hold said fund pending *this* litigation; that the appointment of a trustee and said assignment be set aside,

and for general relief. Jurisdiction was fixed by averring Rowland's solicitors and agents resided here. To this bill was attached copies of the papers alluded to. It was verified by Rowland's solicitor, who swore that the facts stated as to recovering said judgment and other proceedings at common law, and the amount stated to be due on the judgment, are true to the best of his knowledge and belief; that he had control of the judgment, and knew the facts better than his client. The Chancellor, when this bill was presented to him, refused to grant the injunction, etc., and that is assigned as error.

L. T. DOWNING, R. J. MOSES, for plaintiff in error.

CHAPPELL & RUSSELL; BLANDFORD; FARRAR & THOMAS, by E. THOMAS, SMITH & ALEXANDER, for defendants.

WARNER, Judge.

This was an application to the Judge of the Superior Court for an injunction, which was refused, whereupon the complainants excepted. On reading the allegations in complainant's bill, and the affidavit of the complainant's solicitor thereto, this Court will not control the discretion of the Court below in refusing the injunction prayed for in this case.

Judgment affirmed.