FLEMING, trustee, vs. FOUNTAIN et al.

1. Where, prior to the "married woman's law" of 1866, by marriage settlement property of the wife was conveyed to a trustee as her separate property, she could convey such separate estate by the mode alone provided in the deed or instrument creating it; and where such instrument provided that the property might be disposed of by will, and did not indicate any other mode of disposition, if it were disposed of by deed, or otherwise than by will, such disposition was void.

3. The construction of such a marriage settlement depends upon the law as it stood at the time of its execution.

September 16, 1884.

Husband and Wife. Title. Contracts. Powers. Before Judge SIMMONS. Pulaski County. At Chambers. June 20, 1884.

Fountain et al. filed their bill against Fleming, trustee, to recover certain property and to enjoin the trustee, who was alleged to be insolvent, from selling the same. The facts on which the case rested are set out in the decision. The chancellor granted the injunction, and defendants excepted.

GRICE & RYAN; JORDAN & WATSON; J. B. MITCHELL, for plaintiff in error.

KIBBEE & MARTIN, for defendant.

BLANDFORD, Justice.

Jacob Dykes and Sarah A. Girtman being about to marry, they entered into a marriage settlement, whereby all the property of said Sarah was conveyed to a trustee; and it was agreed that said property should remain her separate property and estate, the title to the property being vested in a trustee for the use of said Sarah. And it was further covenanted and agreed that said Sarah might dispose of the property by will to any person she might think proper, subject to be used by the said Dykes, by the approbation of the trustee, during the continuance of the coverture for the mutual benefit of said Jacob and said Sarah. The deed was made on the 18th day of October, 1856.

Shortly after the execution of this deed, the said Jacob and Sarah were duly married. On the 27th day of July, 1883, said Sarah Dykes conveyed the property mentioned in the deed of settlement by deed to a trustee for the benefit of her grand-daughter, Mary Louisa Fleming. The said Sarah Dykes then departed this life.

1. One of the questions which is made by the record is, could Mrs. Dykes convey this property by deed or in any other manner than by will? This court is committed to the doctrine, prior to the woman's law of 1866, that a married woman can convey her separate estate by the mode alone provided in the deed or instrument creating the separate estate; that where the instrument provides that the property may be disposed of by will, and does not indicate any other mode of disposition, then if it be disposed of by deed or otherwise, such disposition is void.

This has been the uniform ruling of this court. *Weeks and Wife vs. Sego,* 9 *Ga* , 199 ; *Wylly et al. vs. Collins,* 9 *Ga.,* 223 ; 23 *Id.,* 468 ; 12 *Id.,* 195. And whatever rulings there may be to the contrary of this by other courts in this country, and upon whatever reasoning or hypothesis, we feel constrained to adhere to the rule adopted by this

court ; it has been too long established to require now any reasoning or authority to sustain it.

2. The next question is as to whether this rule has been abrogated by the act of 1866, known as the woman's law, as to the disposition of the separate estates of married women.

We think that the construction of this settlement depends upon the law as it stood at the time of its execution. 56 *Ga.*, 344 ; *Ib.*, 110 ; 63 *Id.*, 742 ; Wade on Retroactive Laws, 180, §§154, 186 ; 29 Penn. St. R., 113. Statutes are not to be given a retroactive operation unless imperatively demanded, and such operation is not demanded or required in this case. 43 *Ga.*, 390 ; 52 *Id.*, 376 ; 57 *Id.*, 324. These authorities fully sustain the proposition here laid down.

These views were held by the court below, and if correct, fully authorized the granting of the injunction.

Judgment affirmed.