C. F. REID et al. v. J. D. BOUSHALL.

*Will—Ambulatory—Power of Appointment—Life-tenant—Contract to Convey Land — Specific Performance — Vendor — Vendee.*

1. A power of appointment in one who is a joint tenant for life with her husband does not confer upon her an absolute estate.

2. The conditions annexed to a power of appointment must be strictly complied with; and where, by the terms of a deed of settlement, power of appointment was given a wife "by her last will and testament," such power can only be exercised by such instrument.

3. A will is, by its nature, and whether or not in the execution of a power of appointment, *ambulatory* during the life-time of the maker.

4. Where the donee of a power of appointment, by will, being also at the same time life-tenant with her husband of the land which was the subject thereof, had made a contract, he joining, to convey said land in fee: *Held*, that an instrument in the nature of a will, with covenants against revocation, executed by her jointly with her husband, was not sufficient execution of the power, and that the vendee, under the contract of purchase, could not be compelled to accept a title depending for its validity upon such instrument.

This was a CIVIL ACTION, heard upon the facts agreed, at the Spring Term, 1890, of WAKE Superior Court, before *MacRae, J.*

It was brought to compel the defendant vendee, under a contract of purchase, to pay the purchase-money for a parcel of land, the plaintiff alleging, and defendant denying, that he could and was ready to make a good title, according to his contract.

It appeared that on the 2d day of March, 1881, and prior to the execution of the said bond for title, the plaintiff C. F. Reid, who was at that time owner in fee of the land, executed to one Dickson a deed in trust for the benefit of himself and

his wife, the plaintiff H. F. Reid, embracing this land, the material parts of which are as follows:

"That the said C. F. Reid and wife Harriet F. Reid, shall retain the possession of said lands during their joint lives, and shall not be liable to account to the said trustee for the rents and profits. The said lands shall not be subject to any debts that may be contracted and owing by the said C. F. Reid. It is further stipulated and agreed that the said Harriet F. Reid shall have and is hereby invested with the power of appointment, and to dispose of the aforesaid property herein conveyed by last will and testament, and the said W. W. Dickson, trustee, as aforesaid, upon the happening of the event of death of the said Harriet F. Reid, when it shall appear that she hath made a last will and testament, shall turn over and give possession of said land to the parties entitled under said will, or hold the same upon such trusts as may be declared therein. In case the said Harriet F. Reid should die without leaving a last will and testament, then the trustee, W. W. Dickson, shall hold the property herein conveyed for the sole and separate use of the grantor, C. F. Reid, during his natural life; and if the said C. F. Reid shall die in the life-time of the said Harriet F. Reid, then her right and title to such property shall become absolute, to enable her to convey title as she may see proper, free and discharged from any trust or encumbrance credited by this deed; but if the said Harriet F. shall die without having conveyed said property in her life-time, and without executing and leaving a last will and testament, then upon her death, if she survive her said husband, or upon his death, if he survive her, the said W. W. Dickson shall convey said property to the child or children of the said C. F. Reid and Harriet F., if any there be, and if there are not child or children surviving them, then to the heirs at law of the said C. F. Reid. In witness whereof the said parties

have hereunto set their hands and seals, day and date first above written."

The plaintiffs, in reply, offered to have the said Harriet F. Reid, by and with the consent of her said husband, by joining therein, execute, declare and publish her last will and testament, properly witnessed, willing to said J. D. Boushall in fee-simple said land contracted to be purchased, with covenant therein not to make any other last will and testament in violation or contrary thereto, and not, in any other way, to dispose of said land, which said last will and testament, with covenants therein, the plaintiffs offered to have delivered to said defendant with the deed.

The Court gave judgment dismissing the action and taxing plaintiffs with the costs, from which plaintiffs appealed.

*Mr. J. N. Holding*, for plaintiffs.
*Mr. J. D. Boushall*, for defendant.

SHEPHERD, J.: It is too plain for argument that the power of appointment conferred upon Mrs. Reid does not vest an absolute estate in her. She and her husband are joint tenants for life with a power of appointment in the former. If she fails to execute this power and her husband survives, he takes the property for life, and then it goes in remainder to the children. By the terms of the deed the wife's power of appointment, during the life of the husband, can only be exercised by "her last will and testament," and it is well settled, says Chancellor KENT (4 Com., 330), "that the conditions annexed to the exercise of the power must be strictly complied with, however unessential they might have been if no such precise direction had been given. They are incapable of admitting any equivalent or substitution; for the person creating the power has the undoubted right to create what checks he pleases to impose, to guard against a ten-

dency to abuse. The Courts have been uniformly exact on this point."

Although a will made in execution of a power is not strictly a will, but simply a declaration of a use, yet it so far retains the properties of a will as to be ambulatory until the death of the testator, and consequently revocable in the same manner as an ordinary testamentary instrument. 2 Sugden Powers, 14.

It must follow, therefore, that the execution of a will by Mrs. Reid in favor of the defendant purchaser is not a performance of the plaintiffs' contract to convey to him an indefeasible estate in fee.

It is insisted, however, that the covenant of Mrs. Reid not to revoke the will, operates, in some manner, to take away the power of revocation, and that the will and covenant together are sufficient to vest an acceptable title to the land in the purchaser.

In *Whaley* v. *Drummond*, Ch. Easter Term, 1745, M. S., Lord HARDWICKE said that "a power to be executed by will cannot be executed by any act to take effect in the life-time of the donee;" and to the same effect is 4 Kent Com., 331, and the general current of authority.

If, then, the will and covenant are sufficient to vest a present indefeasible fee in the purchaser (and he can be required to accept none other), the principle above stated will be contravened, and that which is clearly forbidden to be done directly will be permitted to be done indirectly.

Such, in our opinion, is not the law, and we are not surprised that the researches of the plaintiffs' counsel have resulted in a failure to discover any authority in support of his contention.

There is no error in the ruling of the Court that the plaintiffs had not performed their contract to execute to the defendant a valid title to the property.

Affirmed.