# CASES

### DECIDED IN THE

# SUPREME COURT OF GEORGIA

##### AT THE

## MARCH TERM, 1914

---

### HOWARD, administrator, *v.* HENDERSON *et al.*

A testator, by will probated in 1855, devised land to certain named trustees "to hold in trust for my daughter [naming her], when she shall arrive at the age of sixteen years, . . this property is to be kept for her sole and separate use and such child or children as she may have living at her death, not to be subject to any husband's debts." On the 15th day of October, 1868, the daughter named in the will joined with her husband and executed a warranty fee-simple deed to one H., who went into possession of the land and claimed an absolute fee-simple title thereto until his death in 1912. In 1911 the daughter named in the will, died. Her surviving children brought suit, on the 27th day of February, 1912, to recover from H. the land conveyed by the item of the will just quoted. *Held,* that, inasmuch as the daughter was entitled to the exclusive possession of the land during her life and her vendee held possession under her, it is immaterial whether the trustee represented only her or both her and her children; and prescription did not begin to run against those entitled to the estate upon her death, until she died.

(*a*) The life-tenant under the will dying in 1911 (the trustees having previously died), her surviving children, as remaindermen, could maintain an action brought in 1912 against the administrator of H., the vendee of the life-tenant, for the land in controversy, notwithstanding the title and possession held by the defendant under a deed from the life-tenant, purporting to convey a fee-simple estate. The life-tenant conveyed only a life-estate to H.

(*b*) The court (to whom this case was submitted without a jury) did not err in finding for the plaintiffs the premises in dispute, together with mesne profits.

JUNE 15, 1914.

Complaint for land. Before Judge James B. Park. Putnam superior court. March 18, 1913.

*W. F. Jenkins, S. T. Wingfield,* and *George W. Stevens,* for plaintiff in error, cited: Civil Code, §§ 3736, 3775, 3659, 3675; *Wadley* v. *LeCato,* 139 *Ga.* 178 (77 S. E. 47) ; *McCord* v. *Whitehead,* 98 *Ga.* 381, 385 (25 S. E. 767) ; *Ford* v. *Cook,* 73 *Ga.* 215, 220; *Askew* v. *Patterson,* 53 *Ga.* 213; *Johnson* v. *Cook,* 122 *Ga.* 524 (50 S. E. 367) ; *Knorr* v. *Raymond,* 73 *Ga.* 750 (8), 758; *Cushman* v. *Coleman,* 92 *Ga.* 772, 775 (19 S. E. 46) ; *Riggins* v. *Adair,* 105 *Ga.* 731 (31 S. E. 743) ; *Wingfield* v. *Virgin,* 51 *Ga.* 139; *Brady* v. *Walters,* 55 *Ga.* 25; *Schnell* v. *Toomer,* 56 *Ga.* 170; *Varner* v. *Gunn,* 61 *Ga.* 54; *Crawley* v. *Richardson,* 78 *Ga.* 213; *East Rome Town Co.* v. *Cothran,* 81 *Ga.* 359 (2), 363, 364 (8 S. E. 737) ; *McCrary* v. *Clements,* 95 *Ga.* 780 (22 S. E. 675) ; *Ware* v. *Barlow,* 81 *Ga.* 1 (6 S. E. 465) ; *Lee* v. *Ogden,* 83 *Ga.* 325 (10 S. E. 349) ; *Street* v. *Collier,* 118 *Ga.* 470, 481 (45 S. E. 294) ; 28 Am. & Eng. Enc. L. (2d ed.) 929, 930, 935, 946.

*Meriwether F. Adams, Greene F. Johnson,* and *W. S. Florence,* contra, cited: Civil Code, § 3922; *Bull* v. *Walker,* 71 *Ga.* 195; *Rogers* v. *Pace,* 75 *Ga.* 436; *Carswell* v. *Lovett,* 80 *Ga.* 36 (4 S. E. 866) ; *East Rome Town Co.* v. *Cothran,* 81 *Ga.* 361 (8 S. E. 737) ; *McDonald* v. *McCall,* 91 *Ga.* 304 (18 S. E. 157) ; *Fleming* v. *Hughes,* 99 *Ga.* 444 (27 S. E. 791) ; *Allen* v. *Hughes,* 106 *Ga.* 775 (32 S. E. 927) ; *Brantley* v. *Porter,* 111 *Ga.* 886 (36 S. E. 970) ; *Overstreet* v. *Sullivan,* 113 *Ga.* 891 (39 S. E. 431) ; *Tillman* v. *Banks,* 116 *Ga.* 250 (42 S. E. 517) ; *Mitchell* v. *Turner,* 117 *Ga.* 959 (44 S. E. 17) ; *Smith* v. *McWhorter,* 123 *Ga.* 287 (51 S. E. 474, 107 Am. St. R. 85) ; *Vernoy* v. *Robinson,* 133 *Ga.* 653 (66 S. E. 928) ; *Parker* v. *Salmons,* 101 *Ga.* 164 (28 S. E. 681, 65 Am. St. R. 291) ; 40 Cyc. 1617.

HILL, J. C. G. Henderson and others, as the only surviving children of Mrs. Frances Prior Henderson (née Howard), brought suit against A. H. Howard to recover 200 acres of land, claiming title. The case was submitted to Judge Park, for decision without the intervention of a jury, upon the petition and answer and the following agreed statement of facts: The plaintiffs are the only surviving children of Frances Prior Henderson (née Howard) and Isaac W. Henderson, her husband. The present defendant is administrator of A. H. Howard, deceased. A. H. Howard purchased the property in controversy, October 15th, 1868, from Mrs. Frances Prior Henderson, née Howard, and her husband Isaac W. Henderson, father

of the present plaintiffs, and immediately thereafter went into possession as owner, claiming title to all the property and the entire estate therein; and he has been in possession of the land continuously, openly, and notoriously under a claim of right for a period of more than 40 years to the time of his death in 1912, said purchase being evidenced by warranty deed from Frances P. Henderson and Isaac W. Henderson to A. H. Howard, a copy of which was attached. By the terms of the deed it conveyed a fee-simple estate to the defendant's intestate, A. H. Howard. The trustees named in the 7th item of the will of John Howard, deceased, were in life in 1868 when A. H. Howard purchased the property and entered into possession of it, and continued in life until the year 1895. The yearly rental value of the land sued for is $150.

The answer of the defendant averred, among other things, that, "under the will of John Howard, deceased, under which plaintiffs claim in this case, there are only one of three legal constructions possible, to wit: First, that prior to his possession of this land, to wit the year 1868, the title thereto in fee simple was in Frances Prior Henderson (Howard), and having purchased and acquired his said possession from her, he acquired a good, valid, and perfect legal title to said land. Second, that the legal title to said land was in Haron J. and H. T. Howard, trustees, they representing every interest and estate therein, and that both said trustees, these plaintiffs, and any and all other persons are barred of any recovery, by reason of the operation of the statute of limitation, defendant's said intestate, as aforesaid, having purchased said land in good faith from Frances P. Henderson, and having been in possession thereof continuously for more than forty years prior to his said death. Third, that under said will the said Frances P. Henderson and plaintiffs took said land as tenants in common—each owning an undivided interest therein; and under this construction, all of said tenants in common are in like manner barred by said statute of limitations, each of them for more than seven years prior to the filing of this suit being sui juris, and defendant's said intestate for more than forty years before said time having been in the open, public, adverse, continuous, exclusive, uninterrupted, and peaceable possession thereof, claiming the same in good faith as owner."

After considering the petition and amendments thereto, the answer of the defendant, and the agreed statement of facts, etc., the

presiding judge rendered a decision finding in favor of the plaintiffs against the defendant for the premises in dispute, and the sum of $300 as mesne profits, to which judgment the defendant excepted.

The case turns mainly upon the construction of item seven of the will of John Howard, deceased, which was executed in 1852 and admitted to probate in 1855. The 7th item is as follows: "I give and grant to Haron J. and H. T. Howard, to hold in trust for my daughter, Frances Prior Howard, when she shall arrive at the age of sixteen years, the following property, to wit, Jerry, Tiller, little Caroline, Dallas, Ann, and Frank, my sorrel mare and one mule, and two hundred acres of land—the Landrum place, the line commencing at the corner at the big road and from there to the red oak at the woods, and from there to the red oak down the road, and from there to the post oak at H. J. Howard's line, and fifty dollars she is to have when she arrives at the age of sixteen years—this property is to be kept for her sole and separate use and such child or children as she may have living at her death, not to be subject to any husband's debts."

This controversy concerns only the real estate devised. It is insisted that, under item 7 of the will of testator, the trustees were appointed for both the life-estate and the remainder interest; and that both of the trustees were in life in 1868 when A. H. Howard purchased the property in controversy from the life-tenant and took possession of it, and the trustees continued in life until the year 1895; and that the purchaser remained in possession of the land from 1868 until his death in 1912, claiming it in good faith, etc., as owner, and consequently that he had a good prescriptive title.

We think the finding of the court in favor of the plaintiffs in the court below was correct. The daughter was entitled to the life-estate and the right to the possession and use of the land for and during her natural life. In 1868 she executed what purported to be a fee-simple warranty deed conveying the land in dispute to Howard, who went into possession of it and continued in possession until his death in 1912; and it is contended that he claimed an absolute fee-simple title thereto until his death. Mrs. Henderson, the life-tenant, could convey no greater estate than she had, and her grantee could receive no greater estate than she owned. She had only a life-estate under the will. Her grantee would be entitled to the possession and use of the land during her natural life, and no

longer, under her deed to him and the will of her father. If the life-tenant conveyed a greater estate than she possessed, it would not work a forfeiture, as at common law. Civil Code, § 3671; *Sanford* v. *Sanford*, 55 *Ga.* 527-528; 2 Bl. Com. 274; 16 Cyc. 645 (5 a). As there could be no entry and ouster against the life-tenant during her life, there could likewise be no entry or ouster against the grantee of the life-tenant until the death of the life-tenant. There is nothing in the will tending to show that the trustees were to hold possession of the life-estate after the life-tenant arrived at the age of 16 years. The trustees could not, therefore, oust the life-tenant or her grantee during her life. And even if the trustees were such both for the life-estate and the estate in remainder, the same result would follow, because the statute of prescription would not run until the termination of the life-estate. The trustees could not oust the life-tenant, or her grantee, during her life, under the terms of the will, and prescription would not run until her death. The result is the same, whether the trustees were such for the life-tenant, or for the life-tenant and the remaindermen. It follows that prescription would not run in favor of the grantee of the life-tenant while he was in possession of the land, as such, against the remaindermen until the death of the life-tenant, which occurred in 1911.

The plaintiffs in the court below, who are the surviving children of the life-tenant under the will, as remaindermen brought suit to recover the land within the period authorized by law after the death of their mother. The statute of prescription had not run against them and in favor of the defendant's intestate a sufficient length of time to perfect a title in the latter. This being so, the court did not err in finding in favor of the plaintiffs in the court below for the premises in dispute, together with mesne profits. *Lamar* v. *Pearre,* 82 *Ga.* 354 (9 S. E. 1043, 14 Am. St. R. 168); *Jones* v. *Rountree,* 138 *Ga.* 757 (76 S. E. 55).

*Judgment affirmed. All the Justices concur.*