### BAILEY *v.* ANDERSON.

FISH, C. J. 1. The only assignment of error referred to in the brief of counsel for the plaintiff in error is the refusal to grant a new trial. The other assignments will, therefore, be treated as abandoned.

2. On September 16, 1910, J. W. Bailey and the Atlanta Motor Car Company, a corporation, entered into a written contract to the following effect: Bailey subscribed for ten shares of the capital stock of the company, agreeing to pay therefor $500 cash and to give his note to the company for an additional $500; there was a stipulation that Bailey should not sell the stock without first giving the company an option to buy it back at the market price; the counties of Miller and Decatur, this State, were allotted to Bailey "as a territory for the exclusive agency for the sale of White Star automobiles;" Bailey was given the privilege of ordering from the company, within one year from the date of the contract, one White Star automobile of any style listed by the company "at a special wholesale discount of twenty per cent. from list price, said machine to be delivered within sixty days from receipt of order;" and it was further agreed that Bailey, "representing the Atlanta Motor Car Company as a stockholder, is to receive a confidential commission of 20% on all sales of White Star automobiles in above-described territory as long as a stockholder in said company from date, except on cars sold to stockholders entitled to a discount under subscription contract." Bailey paid $500 cash to the company, and gave it his promissory note for the like sum, maturing January 5, 1911, the note including an agreement to pay ten per cent. as attorney's fees if collected by an attorney at law. After the maturity of the note, in August, 1911, the company was adjudged a bankrupt. In November, 1911, the trustee in bankruptcy, under order of the court, sold, among other assets of the company, Bailey's note, which was purchased by C. N. Anderson. This action is a suit on the note in behalf of Anderson against Bailey. The defendant pleaded that said note and contract

came into the hands of Anderson after maturity; that the stock subscription made by him was conditional; and that there had been a failure of consideration as to said stock subscription and note, in that the company had failed to deliver to the defendant three cars ordered by him under the terms of the contract. The undisputed evidence was to the effect that the notice required by the statute for the collection of attorney's fees had been duly given. Upon the conclusion of the evidence submitted by both sides a verdict for the plaintiff was directed by the court for the principal and interest on the note and ten per cent. attorney's fees. *Held:* (1) The stock subscription as shown by the written contract and note was not of such conditional character or on such special terms as would have prevented a recovery on the note by the trustee in bankruptcy of the insolvent corporation. *Spratling* v. *Westbrook,* 140 *Ga.* 625 (79 S. E. 536). (2) A sale by a trustee in bankruptcy under order of the court passes the legal title to the purchaser, who may sue thereon with all the rights the trustee had. (3) It was not error to exclude evidence offered on the trial by the defendant, to the effect that he, within the time prescribed in the contract, ordered three White Star automobiles from the company, one for his own use, listed by the company at the price of $1,250, which, under the contract, he was privileged to purchase for $1,000, and the other two listed at prices of $650 each, and that the company failed to deliver such machines to him; for the reason that such evidence, if true, would not establish a defense to the action on the note, in view of the insolvency of the corporation and the sale by its trustee in bankruptcy, duly made, of the defendant's note to the plaintiff. *Hill* v. *Silvey,* 81 *Ga.* 507 (8 S. E. 808, 3 L. R. A. 150) ; *Wilkinson* v. *Bestock,* 111 *Ga.* 187 (36 S. E. 623) ; *Allen* v. *Grant,* 122 *Ga.* 558 (50 S. E. 494). (4) Under the evidence the verdict in behalf of the plaintiff was demanded, and the court did not err in directing the same.

*Judgment affirmed. All the Justices concur.*
JUNE 15, 1914.

Complaint. Before Judge Worrill. Miller superior court. January 27, 1913.

*Bush & Stapleton* and *P. D. Rich,* for plaintiff in error.
*W. I. Geer* and *W. S. Dillon,* contra.