## NEWTON *v.* BULLARD.

No. 10964. November 15, 1935.

*W. S. Florence* and *Sydney H. Baynes,* for plaintiff.

*A. S. Thurman,* for defendant.

Bell, Justice. (After stating the foregoing facts.) The verdict in favor of the defendant was unauthorized, and a new trial should have been granted on the general grounds. The only interest which Julia S. Newton had in this land was the estate conveyed to her by Mary F. Newton, by the deed of March 14, 1876, which deed conveyed a life-estate only. *Seaboard Air-Line Ry.* v. *Simmerville,* 142 *Ga.* 317 (82 S. E. 290) ; *Smith* v. *Frost,* 144 *Ga.* 115 (86 S. E. 235). While the deed provided that if Julia S. Newton should die without children, as she did, the property should go in fee simple or otherwise to such persons as she might "by will appoint," this clause did not enlarge the estate conveyed to her. *Haralson* v. *Redd,* 15 *Ga.* 148; *Mathis* v. *Glawson,* 149 *Ga.* 752 (102 S. E. 351). One appointed by her to receive the property would not acquire title from her as a grantor, but the title would pass to such appointee by purchase from the person who conferred the power. *Jackson* v. *Franklin,* 179 *Ga.* 840, 846 (177 S. E. 731). Since the deed from Mary F. Newton conferred the power to make an appointment by will only, Julia F. Newton, the conferee, was limited strictly to this method, and her effort to exercise the power otherwise than by a will was nugatory. *Porter* v. *Thomas,* 23 *Ga.* 467 (3) ; *Fleming* v. *Fountain,* 73 *Ga.* 575; *Wilder* v. *Holland,* 102 *Ga.* 44 (29 S. E. 134). Accordingly, the deed executed by Julia S. Newton to Otis M. Newton in 1894 was void except as a conveyance of the life-estate, and such life-estate was all that was conveyed by Otis M. Newton to W. H. Bullard by

his deed to Bullard, executed in 1902. *Howard* v. *Henderson*, 142 *Ga.* 1, 4 (82 S. E. 292). Each of the two instruments last referred to attempted to convey more than the life-estate, but each was ineffectual for such purpose; and at the time of the deed to Bullard, there was no contingency under which Otis M. Newton, the grantor, could ever acquire an additional interest, except that the power of appointment vested in Julia S. Newton might be exercised in his favor. This was a mere possibility, which could not be conveyed. Code of 1933, §§ 96-102, 29-103; *Dailey* v. *Springfield*, 144 *Ga.* 395 (87 S. E. 479, Ann. Cas. 1917D, 943). It is true that Julia S. Newton had theretofore attempted to exercise the power in favor of Otis M. Newton by means of a deed, and also that she had executed her will naming him as the appointee in terms of the power; but since the deed was to that extent void, and since the will was revocable at any time, no legal title or interest in remainder passed to Otis M. Newton by either of these instruments. Some moral duty may have rested upon Julia S. Newton to make an appointment by will in accordance with her previous deed; but this duty was unenforceable in law, and its existence did not inure to Otis M. Newton as an interest in the property.

Otis M. Newton died in 1915, while the will continued to be subject to change or revocation until the death of Julia S. Newton in 1928. Code of 1933, § 113-401. Notwithstanding the will was never revoked and was duly probated after the death of Julia S. Newton, it did not take effect until her death. Code of 1933, §§ 113-105, 113-401. Since Otis M. Newton was dead at that time, no title or interest ever vested in him in virtue of the appointment as finally made in the will. What, then, became of the remainder interest? "If a legatee shall die before the testator, or if dead when the will is executed, but shall have issue living at the death of testator, such legacy, if absolute and without remainder or limitation, shall not lapse, but shall vest in the issue in the same proportions as if inherited directly from their deceased ancestor." Code of 1933, § 113-812. This section was derived from the act of 1836 (*Cheney* v. *Selman*, 71 *Ga.* 384), and changed the common-law rule as to the lapsing of legacies by predecease of the legatee. 69 C. J. 1051, 1060, §§ 2256, 2279. One who, under such statute, is entitled to the legacy will take as a substituted beneficiary, and not as an heir of the deceased legatee. 69 C. J. 1066, § 2296.

Such statutes have been held to apply to testamentary appointments. 69 C. J. 851, 1062, §§ 1963, 2283; Lyndall's Estate, 2 Pa. Dist. 476, 13 Pa. Co., 449; Thompson v. Pew, 214 Mass. 520 (102 N. E. 122). This would seem to be the proper solution here, because the statute was presumably known to the party conferring the power, and there is nothing to indicate a desire to have a different rule applied. So the appointment contained in the will of Julia S. Newton operated in favor of Mary Marlin Newton, by substitution. Under the facts of the case, she did not take by inheritance from her father, but the title passed to her from the donor of the power. If Otis M. Newton had survived Julia S. Newton, he would have taken the property in virtue of the appointment as made in the will, and in that event the title so acquired by him might have inured to the benefit of his grantee, Bullard. See *Oliver* v. *Holt,* 141 *Ga.* 126 (2) (80 S. E. 630). But there was no such result in the present case, because Otis M. Newton never had or acquired any interest in the property except the life-estate of Julia S. Newton. After the conveyance of this interest to Bullard, nothing happened by which a greater estate vested in the latter. Under the evidence, the title was in Mary Marlin Newton, and she was entitled to recover. Bullard had constructive notice of the limitations upon the title of his grantor, and the case does not involve any question of prescription. *Satterfield* v. *Tate,* 132 *Ga.* 256 (64 S. E. 60); *Howard* v. *Henderson,* supra; *Mathis* v. *Glawson,* supra; *Harper* v. *Durden,* 177 *Ga.* 216 (1 *d*) (170 S. E. 45). In law, the defendant, Bullard, was bound to know that he had purchased a life-estate only, and that the whole title and right of possession would pass to another on the death of Julia S. Newton; and prescription did not begin to run in his favor until the death of the life-tenant, which occurred within less than seven years before the instant suit was filed. *Brinkley* v. *Bell,* 131 *Ga.* 226 (5) (62 S. E. 67); *Cock* v. *Lipsey,* 148 *Ga.* 322 (7), 325 (96 S. E. 628).

The present case differs on its facts from cases like *Isler* v. *Griffin,* 134 *Ga.* 192 (67 S. E. 854), *Patterson* v. *Burns,* 150 *Ga.* 198 (103 S. E. 241), *Davidson* v. *Blackwell,* 152 *Ga.* 48 (108 S. E. 469), *Todd* v. *Williford,* 169 *Ga.* 543 (150 S. E. 912), and *Cooper* v. *Davis,* 174 *Ga.* 670 (163 S. E. 736), dealing with contingent interests, and not involving mere powers of appoint-

ment. It is also distinguished from *Jackson* v. *Franklin,* supra, which did involve a power of appointment, but in which there were equities to be considered as between a stranger appointee and creditors. The appointment here was not made to a stranger, and the record does not even show covenants of warranty. Nor does it appear that the estate of Julia S. Newton was insolvent. Again, the appointment involved in the instant case was actually made in accordance with the previous deed, but it lapsed by the death of the named appointee, and the plaintiff was substituted in his stead by operation of law.

There is no merit in the contention that since Otis M. Newton would have been estopped to assert an after-acquired title as against his grantee, Bullard, Mary Marlin Newton, as his sole heir at law, should be likewise estopped. The principle of estoppel is irrelevant, because the title asserted by Mary Marlin Newton did not pass through Otis M. Newton, but, as stated above, was derived from Mary F. Newton through the power exercised by Julia S. Newton, and the substitution of Mary Marlin Newton, as a matter of law.

The court erred in refusing to grant a new trial.

*Judgment reversed. All the Justices concur.*