SARAH FURR WESTON, F. L. FURR, F. S. FURR, L. W. FURR, JESSIE F. HARTSELL, C. B. FURR, R. H. FURR, SELMA FURR SAME, JULIA FURR FREEMAN, HELEN H. SUTTON, HENRY H. HOWIE, J. ROBERT HOWIE, BRICE G. HOWIE, HILDA HOWIE, LOUELLE H. BIVENS, ELIZABETH HOWIE, ROBERT HUNTLEY AND FRIEDA HUNTLEY v. CLARENCE HASTY AND WIFE, CALLIE LUCILLE HASTY; BRONS HASTY AND WIFE, MARGIE MARIE HASTY, C. W. DRAKE AND WIFE, IRIS ELIZABETH DRAKE, OLIN BYRUM AND WIFE, JANE T. BYRUM, SHERWOOD T. CREEL, BY HIS GUARDIAN AD LITEM, H. B. SMITH, JR.

(Filed 19 May, 1965.)

**1. Wills § 27—**

The intent of testator, as gathered from a consideration of the four corners of the instrument interpreted in the light of the conditions surrounding him at the time of its execution, must be given effect unless contrary to some rule of law or at variance with public policy.

**2. Wills § 39—**

Even though the devisee of a life estate is also the donee of a power of disposition, so that the power is one in gross, the power of disposition does not enlarge the life estate into a fee, the life estate being property and the right to dispose of the property in the manner authorized being merely a power.

**3. Same—**

Where the donee of the power of testamentary disposition conveys the property by deeds and the grantees of the deeds are not beneficiaries under the will of the donor and are strangers to the donor's blood, the deeds do not constitute a release or estoppel, since they are not joined in by, or executed to, any persons who would be adversely affected by the exercise of the power. G.S. 39-33.

**4. Same—**

Where a will provides that the life tenant should have the right to dispose of the estate in remainder by will, deeds of the life tenant are ineffectual as an exercise of the power of disposition, and, upon the death of the life tenant, the land passes under the clause of her will devising all her real estate of which she died seized or was privileged to dispose of by will.

APPEAL by defendants from *Crissman, J.,* October-November 1964 Mixed Session of UNION.

This is a civil action instituted by the plaintiffs, heirs at law of A. J. Furr, deceased, against the defendants who purchased the lands described in the complaint from Lenora Furr (Scott), widow and devisee under the will of A. J. Furr.

This action was tried upon an agreed statement of facts. Trial by jury was waived by consent of the parties. The facts pertinent to this appeal are as follows:

A. J. Furr died testate, a resident of Union County, North Carolina, on 3 November 1906. The pertinent parts of his will insofar as this action is concerned are as follows: The deceased, by his will, devised all of his property, both real and personal, to his wife, Lenora Furr, for her lifetime and with conditional remainder in fee to a boy named Sherwood T. Creel whom he was rearing. Sherwood T. Creel failed to fulfill the obligations imposed upon him by the will of A. J. Furr and was thereby precluded from taking under the will of the deceased. Sherwood T. Creel died as a child, never having married and leaving no lineal issue. Thereupon, the property devised conditionally to him vested in the widow, Lenora Furr, a power of appointment under the will of A. J. Furr as follows: "If Sherwood T. Creel shall die during the lifetime of my wife, Lenora Furr, then my wife shall have the right to dispose of the estate herein devised and bequeathed to him by her Last Will and Testament, as though it were her property."

A. J. Furr died seized of two tracts of land in Union County, one containing 83½ acres and known as the Broom Place, or Tract No. 1, and the other containing 48-65/100 acres, Tract No. 2.

During her lifetime, Lenora Furr, who married G. W. Scott on 13 October 1907, made deeds to the defendants, or some of them, as hereinafter set out: (1) A deed made to Clarence Hasty and wife, Callie Lucille Hasty, said deed being dated 11 September 1946 and recorded in Deed Book 102, page 616, purporting to convey Tract No. 1 of 83½ acres in fee simple. (2) A deed made to C. W. Drake and wife, Iris Elizabeth Cagle Drake, for the second tract of land containing 48-65/100 acres. This deed was dated 23 October 1950 and recorded in Deed Book 114, page 547, and purported to convey the second tract of land described in the complaint, subject to the life estate of the grantor. (3) By deed dated 11 January 1955, Lenora Furr Scott conveyed to Claude W. Drake and wife, Iris Elizabeth Cagle Drake, the second tract of land described in the complaint containing 48-65/100 acres, and it was purported to be a fee simple deed without any life estate being reserved for the grantor.

Lenora Furr Scott died testate 31 May 1957. Her will, which has never been contested, was offered for probate on 25 October 1957 and is recorded in Will Book 8, on pages 582 and 583, in the Clerk's Office of the Superior Court of Union County, North Carolina. The pertinent part of that will is as follows: "I will, devise and bequeath all of my real estate of every kind and description that I may die seized of or privileged to dispose of by will or otherwise to CLAUDE DRAKE, absolutely and in fee simple."

The plaintiffs brought this action as heirs of A. J. Furr to have the conveyance by will and the deeds executed by the widow of A. J. Furr, to wit, Lenora Furr Scott, declared null and void and of no effect, and that they as heirs of A. J. Furr be declared owners in fee simple of said property as their interest may be determined under the law.

The defendants answered and alleged that they are the owners in fee simple to said lands under the deeds and the will set out in the record.

Based on the foregoing findings, the court below entered judgment as follows:

"(1) That the plaintiffs in this action are the sole owners of the fee simple title to the real estate herein set out and more particularly described in Paragraph 6 of the findings of fact above under the designation 'First Tract' and 'Second Tract.'

"(2) That none of the defendants, nor any persons claiming by, through, or under them, have any right, title claim or interest in or to any of the real estate hereinabove referred to.

"(3) That the costs of this action be taxed against the defendants. * * *"

From the foregoing judgment the defendants except and appeal to the Supreme Court, assigning error.

*Carswell & Justice; B. Kermit Caldwell for plaintiff appellees.*
*Richardson & Dawkins; Coble Funderburk for defendant appellants.*

DENNY, C.J. The intent of the testator is the polar star that must guide the courts in the interpretation of a will. *VonCannon v. Hudson Belk Co.*, 236 N.C. 709, 73 S.E. 2d 875, and cited cases. This intent is to be gathered from a consideration of the will from its four corners, and such intent should be given effect unless contrary to some rule of law or at variance with public policy. *House v. House*, 231 N.C. 218, 56 S.E. 2d 695; *Williams v. Rand*, 223 N.C. 734, 28 S.E. 2d 247; *Heyer v. Bulluck*, 210 N.C. 321, 186 S.E. 356.

In order to understand conditions as they existed at the time A. J. Furr executed his will, we think it appropriate to note these further

WESTON *v.* HASTY.

facts: A. J. Furr was born 3 March 1842 and later married Julia E. Furr, to which union the plaintiffs and their ancestors were born. Julia E. Furr died 15 October 1891. On 19 April 1893, A. J. Furr married Lenora Allen. To this union no children were born, but Lenora Allen Furr helped the testator, A. J. Furr, rear the children born of his first marriage. Lenora Furr was born 22 July 1865, and was nearly 23½ years younger than her husband, A. J. Furr. When A. J. Furr executed his will, all his children were grown and had homes of their own. He made a small bequest to each of them, to be paid out of his estate. The primary objects of his bounty were his young wife, who was only 41 years of age at the time of his death, and Sherwood T. Creel, a young orphan boy he and his second wife were rearing. He gave all of his property to his wife for life, subject to the legacies made to his children, and the remainder at her death to Sherwood T. Creel on certain conditions; or, if Sherwood T. Creel should predecease his wife, then he gave to his wife the right to dispose of the estate devised to Sherwood T. Creel "by her Last Will and Testament as though it were her property." Sherwood T. Creel died shortly after the death of A. J. Furr and during the lifetime of the testator's wife. Young Creel having never married, the testator's wife, Lenora Furr, became vested with the power to dispose of the estate involved in the manner set out in the will of A. J. Furr.

Since the holder of the power of appointment held the life estate in the land involved, her power was one in gross, which is defined in 41 Am. Jur., Power, § 5, at page 809, as follows: "* * * A power in gross exists where the person to whom it is given has an estate in the land, but the estate to be created under or by virtue of the power is not to take effect in possession until after the determination of the estate to which it relates. * * *"

Even so, the power to dispose of the estate devised to Sherwood T. Creel did not enlarge the life estate of Lenora Furr so as to give her a fee in the lands involved. Her life estate was property, but her right to dispose of the property in the manner authorized by the will of A. J. Furr was only a power. *Hardee v. Rivers*, 228 N.C. 66, 44 S.E. 2d 476; *Holland v. Smith*, 224 N.C. 255, 29 S.E. 2d 888; *Smith v. Mears*, 218 N.C. 193, 10 S.E. 2d 659.

On 13 October 1907, Lenora Furr married George W. Scott and lived with him as his wife until 26 June 1940, when George W. Scott died.

On 11 June 1946, some years after the death of her last husband, Lenora Furr Scott executed a deed to Clarence Hasty and wife for the 83½ acre tract of land, which deed purported to convey a fee simple title to the premises. Thereafter, on 23 October 1950, she executed a deed to Claude W. Drake and wife for the 48-65/100 acre tract in

which she reserved a life estate. Later, on 11 June 1955, she executed another deed purporting to convey to Claude W. Drake and wife a fee simple title to the 48-65/100 acre tract in which she did not reserve her life estate.

Lenora Furr Scott died on 31 May 1957 at the age of nearly 92, leaving a last will and testament dated 1 May 1952 in which she devised all of her "real estate of every kind and description that I may die seized of or privileged to dispose of by will or otherwise, to CLAUDE DRAKE, absolutely and in fee simple."

The facts in this case raise two questions which must be resolved on this appeal. (1) Did the deeds executed by the donee of the power of appointment constitute a release of the power? (2) If so, were the deeds valid to convey a fee simple title to the property involved? In our opinion, both questions must be answered in the negative.

In this jurisdiction, the donee of a power of appointment exercisable by deed or will, may be released in the manner set out in G.S. 39-33. However, the release of such power is not limited to the manner provided in G.S. 39-33. See G.S. 39-34.

It is stated in American Law of Property, Vol. V, § 23.29, at page 539:

> "* * * The Restatement lists three methods by which a release may be effected but it should be noted that there is no implication that other forms of release may not be utilized. The methods listed are (1) by the donee's delivering, to some person who would be adversely affected by an exercise of the power, an instrument for consideration or under seal, (2) by the donee's joining with some or all of the takers in default in a conveyance of the appointive interest and (3) by the donee's contracting, with some person who would be adversely affected by an exercise of the power, not to exercise it."

None of the deeds executed by the donee herein was joined in by or executed to any person who would have been adversely affected by the exercise of the power. Therefore, we hold there was no release or estoppel as there was in the case of *VonCannon v. Hudson Belk Co.*, *supra*.

It is generally held that where a power is to be executed by will, it cannot be executed by any act to take effect in the lifetime of the donee. *Reid v. Boushall*, 107 N.C. 345, 12 S.E. 324; 4 Kent Com. 331; *Newton v. Bullard*, 181 Ga. 448, 182 S.E. 614; *Green v. Green*, 90 U.S. 486, 23 L. Ed. 75.

In 72 C.J.S., Powers, § 38, page 435, it is said: "A power must be exercised in accordance with the terms of the grant of power, and so,

when a certain mode of executing it is prescribed by the donor, the donee has no authority to execute it in any other mode. * * *"

Likewise, in 96 C.J.S., Wills, § 1070(d), page 727, we find this statement: "A testamentary power may be exercised only in such mode and manner as may be designated or prescribed by the will creating and conferring the power, and an attempt to exercise it in any other mode or manner is ineffectual. * * *" *Lamkin v. Safe Deposit & Trust Co.,* 192 Md. 472, 64 A. 2d 704; *Fidelity Union Trust Co. v. Caldwell,* 137 N.J.Eq. 362, 44 A. 2d 842; *Matter of Kennedy,* 279 N.Y. 255, 18 N.E. 2d 146; *De Charette v. De Charette,* 264 Ky. 525, 94 S.W. 2d 1018.

In *Newton v. Bullard, supra,* the donee was conveyed a life estate in certain lands by deed and the same instrument conferred upon the donee, Julia S. Newton, the power to appoint by will the person or persons to take the remainder. The donee, on 8 November 1894, executed a deed purporting to sell and convey the premises to Otis M. Newton. Thereafter, on 13 June 1902, Otis M. Newton purported to convey the premises by deed to W. H. Bullard. Julia S. Newton died in 1928 leaving a last will and testament in which she devised the property to Otis M. Newton. The Supreme Court of Georgia said:

> "* * * Since the deed from Mary F. Newton conferred the power to make an appointment by will only, Julia F. *(sic)* Newton, the conferee, was limited strictly to this method, and her effort to exercise the power otherwise than by a will was nugatory. *Porter v. Thomas,* 23 Ga. 467 (3); *Fleming v. Fountain,* 73 Ga. 575; *Wilder v. Holland,* 102 Ga. 44, 29 S.E. 134. Accordingly, the deed executed by Julia S. Newton to Otis M. Newton in 1894 was void except as a conveyance of the life estate, and such life estate was all that was conveyed by Otis M. Newton to W. H. Bullard by his deed to Bullard executed in 1902. *Howard v. Henderson,* 142 Ga. 1, 4, 82 S.E. 292. Each of the two instruments last referred to attempted to convey more than a life estate, but each was ineffectual for such purpose; and at the time of the deed to Bullard there was no contingency under which Otis M. Newton, the grantor, could ever acquire an additional interest, except that the power of appointment vested in Julia S. Newton might be exercised in his favor. This was a mere possibility, which could not be conveyed. Code 1933, §§ 96-102, 29-103; *Dailey v. Springfield,* 144 Ga. 395, 87 S.E. 479, Ann. Cas. 1917D, 943. It is true that Julia S. Newton had theretofore attempted to exercise the power in favor of Otis M. Newton by means of a deed, and also that she had executed her will naming him as the appointee in terms of the power; but since the deed was to that extent void, and since the

will was revocable at any time, no legal title or interest in remainder passed to Otis M. Newton by either of these instruments. Some moral duty may have rested upon Julia S. Newton to make an appointment by will in accordance with her previous deed; but this duty was unenforceable in law, and its existence did not inure to Otis M. Newton as an interest in the property.

"Otis M. Newton died in 1915, while the will continued to be subject to change or revocation until the death of Julia S. Newton in 1928. * * * Notwithstanding the will was never revoked and was duly probated after the death of Julia S. Newton, it did not take effect until her death. * * * Since Otis M. Newton was dead at that time, no title or interest ever vested in him by virtue of the appointment as finally made in the will. What, then, became of the remainder interest? 'If a legatee shall die before the testator, or if dead when the will is executed, but shall have issue living at the death of the testator, such legacy, if absolute and without remainder or limitation, shall not lapse, but shall vest in the issue in the same proportions as if inherited directly from their deceased ancestor.' Code 1933, § 113-812. * * *"

The Court further held:

"There is no merit in the contention that since Otis M. Newton would have been estopped to assert an after-acquired title as against his grantee, Bullard, Mary Marlin Newton, as his sole heir at law, should be likewise estopped. * * *"

We hold that the deeds executed by Lenora Furr Scott, purporting to convey the fee simple title to the tracts of land involved, were ineffectual to convey any interest in said tracts of land other than the life estate held by the grantor.

We further hold that the last will and testament of Lenora Furr Scott, in which she devised to Claude Drake in fee simple all the real estate of every kind and description of which she died seized or privileged to dispose of by will or otherwise, vested in Claude Drake the fee simple title to the two tracts of land involved.

The plaintiffs have no right, title or interest in the said lands, and the judgment entered below to the contrary is

Reversed.