BELL *et al. v.* BRINSON *et al.*

Under a conveyance of land in trust for the use of E. and her children during her life and the life of her husband, and, after the death of both E. and her husband, " then to such children as they may leave surviving them, share and share alike," upon the death of E. (her husband having previously died) their sole surviving child took an estate in fee in all the land, and no interest was acquired by heirs of their deceased child, a son who had survived his father but not his mother.

No. 2160. June 16, 1921.

Application for partition. Before Judge Lovett. Jenkins superior court. June 18, 1920.

*E. L. Brinson* and *H. S. White,* for plaintiffs.

*Pierce Brothers,* for defendants.

Fish, C. J. On January 7, 1871, Stephen A. Corker conveyed a described tract of land to Augustus H. A. Bell " as trustee of Elizabeth C. Bell, wife of Isaiah A. Bell, and their children born or to be born." The habendum clause was: " To have and to hold [said land] for the sole and separate use of said Elizabeth C. Bell and her said children, during her natural life and the life of the said Isaiah A. Bell, if he should survive her; and at her death, then for the use of the said Isaiah A. Bell and children

born or to be born, and after the death of the said Elizabeth C. and Isaiah A., then to such children as they may leave surviving them, share and share alike; . . to have and to hold the said tract or parcel of land, and all and singular the premises and appurtenances thereunto belonging, as aforsaid, and every part thereof, unto the said party of the second part as such trustee, and his successors in office." Isaiah A. Bell and Elizabeth C. Bell had only two children born to them, Henry Bell and Fannie Bell who became Mrs. Fannie Brinson, both of whom were in life at the time of the execution of the deed. Isaiah A. Bell died in 1906; his wife, Elizabeth C., and the two children surviving him. Henry Bell died in 1911, leaving several children surviving. Mrs. Elizabeth C. Bell died in 1918. Mrs. Fannie Brinson is still in life. The children of Henry Bell brought this action against Mrs. Fannie Brinson for a partition of the land embraced in the aforementioned deed, the petitioners contending that under the terms of the deed they were entitled to a half interest in the land. The case was submitted to the judge for a decision without a jury, on an agreed statement of facts as above set forth. The judge on the trial refused the relief prayed, and decreed the title to the land to be in Mrs. Brinson. The petitioners excepted.

The ruling was not error. In accordance with the unambiguous terms of the deed, viz., that " after the death of the said Elizabeth C. and Isaiah A., then [the land to go] to such children as they may leave surviving them, share and share alike," Mrs. Fannie Brinson, the only child left surviving them, is entitled to an estate in fee in all the land to the exclusion of the children of her brother, Henry, who died after the death of his father, Isaiah, but prior to the death of his mother, Elizabeth. *Luquire* v. *Lee,* 121 *Ga.* 624 (49 S. E. 834).

*Judgment affirmed. All the Justices concur.*