## SMITH *et al. v.* SMITH.

Where a deed conveys a life-estate to a named person, with the remainder to a class designated as "such child or children, they being the heirs of her body that she [the life-tenant] may leave in life," *Held:*

(*a*) A contingent remainder is created which vests only in such children of the life-tenant as may survive her; and the children of a deceased child of such life-tenant acquire no interest under such deed.

(*b*) Parol evidence as to the intention of the maker of the deed was properly excluded.

Argued February 4,—Decided April 15, 1908.

Complaint for land. Before Judge Freeman. Heard superior court. March 20, 1907.

*Leon Hood* and *S. Holderness,* for plaintiffs.

*Frank S. Loftin* and *D. B. Whitaker,* for defendant.

HOLDEN, J. The lot of land involved in the present suit was conveyed by deed in 1874 to Mary J. Smith, "for the use benefit

advantage in trust for said Mary J. Smith as aforesaid for her life . . for her sole and separate use and on her decease to such child or children they being heirs of her body that she may leave in life." The habendum clause is as follows: "To have and to hold the above described lands in trust to her, the said Mary J. Smith and her children, the heirs of her body as above specified." The life-tenant under the deed referred to had several children, four of whom survived her. The plaintiffs in the present case are her grandchildren and the children of Thomas J. Smith, who died in 1891, during the lifetime of his mother, the life-tenant. After the death of the life-tenant in 1901, they brought the present action, in statutory form, to recover an undivided one-sixth interest in the land described in the deed above referred to, claiming such interest as the only children and the sole heirs at law of Thomas J. Smith. Oral testimony establishing the relationship claimed in the petition, and the deed referred to, were introduced in evidence, and, at the conclusion of the plaintiffs' evidence, the defendant asked and the court granted a nonsuit; to which action of the court the plaintiffs filed a bill of exceptions.

Generally, the word "children" does not include grandchildren, and is to be construed according to its ordinary and popular signification, as designating the immediate offspring. *White* v. *Rowland,* 67 *Ga.* 546 (44 Am. R. 731), and cit. The language of the deed above referred to plainly indicates that the word "children," therein used, includes only the first generation of offspring, and does not include grandchildren. The land described in the deed is conveyed to Mary J. Smith for her lifetime, and "on her decease to such child or children they being heirs of her body that she may leave in life." The designation in the deed referred to excludes grandchildren. The children of the life-tenant are described in the deed as "heirs of her body that she may leave in life." Any children of the life-tenant who could take under this deed as remaindermen would have to be heirs of her body, and only her immediate offspring could come within the class designated as being heirs of her body, under the language embraced in the deed; and only such immediate offspring that the life-tenant left in life could take as remaindermen under this deed. The life-tenant did not leave Thomas J. Smith in life, but Thomas J. Smith left her in life. As Thomas J. Smith, the father of the plaintiffs, died before the death

of the life-tenant occurred, his children have no interest in the land in dispute. Thomas J. Smith did not take a vested remainder under the deed, but took a remainder contingent upon his being in life at the time of the death of the life-tenant. *Crawley* v. *Kendrick,* 122 *Ga.* 183 (50 S. E. 41).

There is nothing in the habendum clause of the deed which would warrant a different construction of the intention of the grantor from that which we have just construed the prior language of the deed to express. Indeed, the designation of the class who are to take as remaindermen, in the habendum clause, is made identical with the prior designation, by the use of the words "her children, the heirs of her body as above specified."

The court committed no error in excluding parol evidence offered by the plaintiffs to explain the intention of the maker of the deed. The judgment of the court below, awarding a nonsuit, was proper, and is        *Affirmed. All the Justices concur.*