SAUSSY, trustee, *v.* POWERS, executor, *et al.*

ATKINSON, J.  Mary A. Ronan devised all her realty to the executor nominated in her will, to be held upon the following terms: "To hold all my real estate intact for ten years, during which time the net income therefrom shall first be applied to the discharge of the mortgage thereon. After the said mortgage is discharged the income shall be equally divided between my three brothers, T. G. Ronan, W. P. Ronan, and J. T. Ronan. At the end of ten years, if the encumbrances on my property have been paid off, my said executor shall distribute the said real estate between my three brothers, share and share alike; the child of a deceased brother to stand in the place of its parents." Before the expiration of ten years the executor paid off the encumbrance, and thenceforward distributed the income among the brothers of the testatrix. During the period of such distribution the brothers pledged the income and all interest they had in the land for a loan made to them jointly. While circumstances were as indicated, a trustee in bankruptcy for W. P. Ronan brought an equitable petition against the executor, Ronan, and others, and alleged all that is stated above, and prayed that title to an undivided one-third interest in the land be decreed to be in him as trustee for the estate of W. P. Ronan, the bankrupt. To this petition the executor interposed a general demurrer, which was sustained, and the plaintiff excepted. *Held:*

1. The petition seeks to recover an undivided one-third interest in the land, on the ground that under the terms of the will such interest had vested in W. P. Ronan, and, subject to certain encumbrances placed thereon by him, was so vested at the time Ronan was adjudicated a bankrupt, and by operation of law the title so held by Ronan devolved upon the plaintiff. It does not seek to recover the income that the executor might be required to pay W. P. Ronan under the provisions of the will.

2. Under a proper construction of the will, his right to the land was contingent upon the encumbrances being removed and W. P. Ronan being in life at the expiration of ten years from the death of the testatrix. As the latter contingency had not happened, the estate was not vested in W. P. Ronan; and the judge did not err in sustaining the demurrer. See Civil Code, § 4117.

*Judgment affirmed. All the Justices concur.*

No. 1304. OCTOBER 14, 1919.

Equitable petition. Before Judge Meldrim. Chatham superior court. December 26, 1918.

*William K. Miller* and *Frederick T. Saussy,* for plaintiff.

*Osborne, Lawrence & Abrahams,* for defendants.