*McCutchen, Bowden & Gaggstalter,* for defendant.

---

## BAYNES *v.* AIKEN *et al.*

1. Construing a conveyance of land to the grantor's daughter for her life, with remainder in fee to be held by A. as trustee for the use of the heirs of the body of the daughter, living at her death; and if she should die leaving no heir of the body, the entire interest in the land to be disposed of by her will, *held:*

(*a*) The power to dispose of the property by will did not enlarge or reduce the estate granted.

(*b*) The remainder was contingent, and vested only in such children of the life-tenant as were living at her death.

(*c*) The grandchildren of the life-tenant acquired no interest under the deed, not being comprehended by the words "heirs of the body."

2. The life-tenant not having exercised the power of disposition by will, at her death the living son and the living daughter of the grantor took each a fourth interest in the land, and each of two sets of grandchildren of the grantor took a fourth interest per stirpes as heirs of the grantor by representation.

No. 6292. September 29, 1928.

Complaint for land. Before Judge Park. Jasper superior court. September 17, 1927.

*Smith & Smith* and *George A. Pindar,* for plaintiff.

*A. S. Thurman* and *Brock, Sparks & Russell,* for defendants.

Hill, J. When this case was first decided, the record as it then stood did not contain the word "living," as it should have, in the copy of the deed from the grantor, E. W. Baynes, to his daughter, Tucker Aiken, and his son-in-law, Jefferson J. Aiken, as trustee, though the case was argued here as if the word "living" was in said clause of the deed. But the case was decided on the *record* as it then stood. On motion for rehearing, accompanied by suggestion of a diminution of the record, by counsel for plaintiff in error, because of the omission by the clerk of the superior court of the word "living" from the deed, this court sent for another

certified copy of the deed as it appears in the record of the approved brief of the evidence, in the court below, and it was accordingly transmitted to this court, properly certified; and the verified, certified copy of the deed contains the word "living," which was omitted from the original copy of the deed sent to this court. We are of the opinion that construing the deed in question as containing the word "living" as used in the deed, and as hereinafter set out, requires a different ruling from that heretofore made, which was predicated upon a construction of the deed with the word "living" omitted. Therefore the following opinion is substituted for the one previously rendered.

1. A grant by a father (E. W. Baynes) to his daughter, "Tucker Aiken, for and during the term of her natural life," and to "Jefferson J. Aiken as trustee for the heirs of the body of the said Tucker Aiken, the remainder in fee simple . . after the life-estate in the same of the said Tucker Aiken, said estate in remainder to be held by the said Jefferson J. Aiken . . for the separate use, benefit, and behoof of the said heirs of the body of said Tucker Aiken living at her death; and if the said Tucker Aiken shall die leaving no heirs of the body, then the entire interest in said tract of land shall be disposed of by her last will and testament as she may direct," conveys (1) a life-estate to Tucker Aiken; (2) to Tucker Aiken the power to dispose of the lands conveyed by will, "if she die leaving no heirs of her body."

(a) The power to dispose of the property by will does not enlarge or reduce the estate granted. Under the Civil Code (1910), § 3660, and the case of *Starnes* v. *Sanders*, 151 *Ga.* 632 (108 S. E. 37), the words "heirs of the body" mean children, and not grandchildren.

(b) A contingent remainder is created by the foregoing language in the deed, which would vest only in such children of the life-tenant (Tucker Aiken) who were "living at her death."

(c) The grandchildren of such life-tenant acquired no interest under such deed. *Smith* v. *Smith,* 130 *Ga.* 532 (61 S. E. 114, 124 Am. St. R. 177).

2. At the death of the life-tenant (Tucker Aiken) there were one living son, and one living daughter of the grantor, E. W. Baynes, and certain grandchidren of two deceased children of the grantor. The son of the grantor, S. R. Baynes, the plaintiff in

this case, takes one fourth interest in the described land (the life-tenant not having exercised the power of disposition conferred by the deed during her lifetime), and the daughter who was living at the death of the life-tenant takes one fourth interest, and each set of grandchildren of the grantor take one fourth interest per stirpes, as heirs at law of the grantor and by representation. See Civil Code (1910), § 3931 (5).

3. Under application of the foregoing principles, the court erred in dismissing the plaintiff's petition on general demurrer.

*Judgment reversed. All the Justices concur.*