286

CALHOUN, administrator, *et al. v.* THOMPSON.

No. 7446. OCTOBER 3, 1930.

*A. L. Miller* and *Pottle & Cobb,* for plaintiff in error. *W. I. Geer,* for persons at interest, not parties of record.

*E. W. Maynard, E. F. Taylor,* and *A. H. Gray,* contra.

ATKINSON, J. In 1927 Mrs. Nettie Lewis Thompson instituted an action against J. W. Calhoun and his vendee, D. C. Morgan, to recover a described part of land lot No. 241 in the 6th district of Early County, and mesne profits. The plaintiff alleged title as remainderman after termination of a life-estate in Mrs. Mary Jane Lewis, wife of J. B. Lewis, under the will of William B. Bryan, and also alleged that the defendant claimed title under William B. Bryan, thus making both parties claim title from a common source, The defendant denied claiming title from such common source, and set up title under J. B. Lewis. The claim of mesne profits was abandoned, and the judge directed a verdict for the plaintiff for the land. The exception is to the judgment overruling the defendants' motion for a new trial.

A tax fi. fa. for $30.75 was issued on November 24, 1875, against J. B. Lewis for his State and County taxes for the year

1875, and fifty cents costs. The fi. fa. was levied, February 1, 1876, on lot No. 151 as property of the defendant, and the land sold for $5. On March 29, 1876 (after the above-mentioned sale), the fi. fa. was levied on lots Nos. 241 and 152 as property of the defendant, said lots having been pointed out by him. On May 2, 1876, lot 152 was sold for $40; and on June 6, 1876, lot 241 was sold to John McK. Gunn for $50. A deed was made by the sheriff to Gunn on the day of the sale, and the deed and fi. fa. were duly recorded, the fi. fa. containing entries in substance as above stated. When the deed was offered in evidence by the defendant as a part of his chain of title, the plaintiff objected on the grounds (a) that it appeared from the entries on the fi. fa. that the fi. fa. had been satisfied before the levy was made on lot 241; (b) that the levy was excessive; and (c) that it did not appear that J. B. Lewis had any title to lot 241. The court sustained the objections and excluded the deed from evidence. The entries on the fi. fa. do not show that the prior sales were consummated by payment of the purchase-price and application to payment of the tax in question, nor does the evidence show the value of the land at the time of the sale, nor does it appear affirmatively that J. B. Lewis did not have title to the land. The trial judge erred in rejecting the evidence.

■ The plaintiff sued in 1927, as remainderman under the will executed in 1865 by William B. Bryan, who died in 1872, the life-tenant having died in 1926. The devise was to Mary Jane Lewis, wife of J. B. Lewis, and "upon" her death "then" to her "children who may be in life at the death of" their mother. At the date of the will and the death of the testator Mary Jane had two children in life. A third child (the plaintiff) was born after death of the testator. The two elder children died before their mother died, one of them leaving children who are still in life, and the other leaving no children; and as a consequence the plaintiff was the only child of the said Mary Jane in life at the time of her death. There being no other words to show a different intention, the devise was to Mary Jane for her life, with remainder to her children as a class (*Toucher* v. *Hawkins,* 158 *Ga.* 482, 123 S. E. 618); and there being members of the class in life at the death of the testator, the estate in remainder was vested at the death of the testator, subject to be opened to let in afterborn children, and to be divested as to such children as should die before the death

288

of their said mother. *Fields* v. *Lewis,* 118 *Ga.* 573 (45 S. E. 437)
—by five Justices. See also *Crawley* v. *Kendrick,* 122 *Ga.* 183
(50 S. E. 41, 2 Ann. Cas. 643), and cit.: 23 R. C. L. 533, §
77, notes 1, 19. The foregoing principle was not involved in
*Baynes* v. *Aiken,* 166 *Ga.* 898 (144 S. E. 736), *Smith* v. *Smith,*
130 *Ga.* 532 (61 S. E..114, 124 Am. St. R. 177), or *Lane* v. *Patter-
son,* 138 *Ga.* 710 (76 S. E. 47), as there were no members of the
class designated to take in remainder living at the time the instru-
ment took effect; nor was the principle involved in *Watson* v.
*Adams,* 103 *Ga.* 733 (30 S. E. 577), *Saussy* v. *Powers,* 149 *Ga.*
471 (100 S. E. 566), *Harris* v. *McDonald,* 152 *Ga.* 18 (6) (108
S. E. 448), or *Dean* v. *Wall,* 154 *Ga.* 637 (115 S. E. 78), the devise
not being to persons as a class; nor was the principle ruled upon
directly in *Cushman* v. *Coleman,* 92 *Ga.* 772 (19 S. E. 46).

■ While a guardian of the property of a minor can not sell a
contingent interest under order from the ordinary (*Harris* v. *Mc-
Donald,* 152 *Ga.* 18 (3), 108 S. E. 448), he may sell the vested
estate in remainder of his ward under order from the court of ordi-
nary. "One in possession of land and claiming it as his own
may fortify his title or buy his peace of adverse claimants as often
as they may appear, and without being estopped to deny the title
of such subsequent vendors." *Harris* v. *McDonald,* supra. It was
erroneous in this case to reject from evidence the deed of the
guardian of the plaintiff and of her sister, executed in 1881, during
the lifetime of their said mother, conveying their interests to the
defendants' grantor, the deed being in pursuance of a sale under
order of the court of ordinary.

■ It was also erroneous to reject evidence as to value of the
land, and as to valuable improvements made upon the land, and
as to the bona fides of the possession of the defendants, as com-
plained of in the 5th, 6th, and 7th grounds of the motion for a new
trial.

■ The fourth special ground of the motion for new trial,
which complains of rejection from evidence of an extract from the
minutes of the court of ordinary, showing an application of the
administrator of E. S. Stokes to sell an undivided interest in cer-
tain lands, including the land in question, and the order of court
granting the application, is without merit.

As a new trial will result from the foregoing, no ruling will be made on the general grounds of the motion for a new trial.

*Judgment reversed. All the Justices concur.*