NELSON *et al.* *v.* ESTILL *et al.*

No. 8607.   JULY 16, 1932.   REHEARING DENIED SEPTEMBER 24, 1932.

*Adams, Adams & Douglas,* for plaintiffs in error.

*Spence M. Grayson, H. Mercer Jordan,* and *Abrahams, Bouhan, Atkinson & Lawrence,* contra.

RUSSELL, C. J. (After stating the foregoing facts.) The central issue in this case is whether the court erred in overruling the demurrer. Subsidiary to this, there are two matters to which the attention of the court must be directed, and which must be adjudicated: (1) The nature of the trust created by that portion of the eighth item of the will of John H. Estill, providing for Walter Estill and his children, which will require a proper construction of this item. (2) The force and effect of the judgment of the superior court of Chatham County, ratifying an agreement made between Walter Estill and his wife, Maria J. Estill, whereby Maria J. Estill (now Mrs. C. B. Nelson) was substituted in lieu of Walter Estill. The learned and distinguished counsel for plaintiffs in error are of the opinion that an absolute title in fee simple, under the terms of the will properly construed, passed to Walter Estill and his child, Edward Van Estill, living at the time of the testator's death; that as a consequence the decree of December 8th, 1908, is a proper and conclusive adjudication by a court having ample jurisdiction; and therefore that the superior court had power to appoint Maria J. Estill in the place of Walter Estill as a substitute for him to receive all the benefits to which he might be entitled. Quoting from the brief of counsel for plaintiff in error: "The fourth paragraph of the verified petition sets forth 'that the said Walter Estill, one of your petitioners, is physically unable to attend to the duties imposed upon him in the nature of a trustee for his said child, and desires that his wife, Maria J. Estill,' etc. The order of court recites that she be appointed in the place and stead of Walter Estill, 'who is physically unable to attend to the duties of said trustee for said minor child, and the Citizens and Southern Bank the trustee of the said one-sixth (1/6) part of the estate of the late J. H. Estill for the said Walter Estill and Edward Van Estill, a minor, are hereby authorized, appointed, and *directed* to pay over to the said Maria J. Estill, trustee, all the income and interest hereafter accruing from the one-sixth (1/6) part of the estate of the said J. H. Estill in their hands as such trustee.' Code of Georgia, § 3744; *Heath* v. *Miller,* 117 *Ga.* 854 (2) 860 [44 S. E. 13]; *Woodbery* v. *Atlas Realty Co.,* 148 *Ga.* 712 (4) [98 S. E.

472]." However, we are of the opinion that § 3744 must be construed in connection with and in the light of §§ 3677, 3679, and 3658. "An absolute estate may be created to commence in future, and the fee may be in abeyance without detriment to the rights of subsequent remainders." The will does not in this connection use the word "child," but does use the word "*children*." It seems to us that the decree was unauthorized.

■ The eighth item of the will of John H. Estill provides: "After the payment of the above-mentioned bequests, I direct my executors to pay to my son Holbrook T. Estill the sum of one thousand dollars, and to my son James S. Estill the sum of one thousand dollars, and to distribute the rest and residue of my estate as follows after having devised [divided?] the same into six equal parts. To my wife, Maud Hill Estill, one sixth part. To my son, John H. Estill Jr., one sixth part. To the Citizens and Southern Bank of Savannah one sixth part; which it shall hold as trustee for the three children of my son Holbrook T. Estill, namely: Helen Estill, Clara Estill, and Stewart Anthony Estill, the interest therefrom to be applied to their support and education, and the principal to be equally divided between them when the youngest attains the age of twenty-one years. In the event of the death of either of said children during minority without leaving issue, the share of the one so dying shall go to the survivor or survivors, children of a deceased child to represent the parent.

"To the Citizens and Southern Bank of Savannah, one sixth part, which it shall hold as trustee for the children of my son James S. Estill born or to be born, the interest therefrom to be applied to their support and education, and the principal to be equally divided between them when the youngest child attains the age of twenty-one years. In the event of the death of either of said children during minority and without leaving issue, the share of the one so dying shall go to the survivor or survivors, children of a deceased child to represent the parent.

"To the Citizens and Southern Bank of Savannah one sixth part, which it shall hold as trustee, upon the following uses and trusts, namely: to pay the income therefrom to my son Walter Estill during the term of his natural life, for the support of himself and the support and education of his children, and after his death said income applied to the support and education of his children, the

principal to be equally divided between them when the youngest child attains the age of twenty-one years. In the event of the death of either of said children during minority and without leaving issue, the share of the one so dying shall go to the survivor or survivors, children of a deceased child to represent the parent.

"And to the Citizens and Southern Bank of Savannah one sixth part, which it shall hold as trustee, upon the following uses and trusts, namely: to pay the income therefrom to my son Marion W. Estill during the term of his natural life, for the support of himself and the support and education of his children should he leave any, and after his death said income to be applied to the support and education of his children, the principal to be equally divided between them when the youngest child attains the age of twenty-one years. In the event of the death of either of said children during minority and without leaving issue, the share of the one so dying shall go to the survivor or survivors, children of a deceased child to represent the parent. If, however, my son Marion W. Estill should depart this life leaving no child or issue of a child surviving him, then the one-sixth part shall be equally distributed between the distributees of the other five sixths in the manner provided in this item."

In the construction of this item everything within the four corners of the will must be taken into consideration. Therefore it must be observed that the eighth item of the will treated only of the residuum of the testator's estate, after the payment of various special legacies and other devises. The codicil to the will made no changes in reference to the provision made in item eight of the will as to Walter Estill and his children. In the section of this item of the will which concerned Walter Estill no trustee is appointed except the Citizens and Southern Bank. Walter Estill was not appointed trustee, either alone or conjunctively with the Citizens and Southern Bank. The income from the fund upon which the trust was imposed is "to my son Walter Estill during the term of his natural life, for the support of himself and the support and education of his children, and after his death said income applied to the support and education of his children, the principal to be equally divided between them when the youngest child attains the age of twenty one years." It is plain that the testator intended that the income of the trust fund be applied, in part at least, to the support and educa-

tion of all children Walter Estill may have or beget until such children have passed the age of twenty-one years. It is plain also that the testator intended that Walter Estill should be supported from the income of the trust fund until he died. Thus construing the devise to the Citizens and Southern Bank for Walter Estill and his children as contained in the eighth item of the will, it is immaterial how many children Walter Estill has, or when they were born, provided that they were born in wedlock and are less than twenty-one years of age. If they are indeed the lawful children of Walter Estill, there is nothing in the will which indicates that they must also be the children of Maria J. Estill, or of any other female to whom Walter Estill may be lawfully wedded. There is no mention in the will, either of Maria J. Estill as the wife of Walter Estill, or of Walter Estill as trustee for his children. The will simply confers upon the trustee the right to pay the income designed for the support of the son of the testator, and for the support and education of the son's children, to Walter Estill, so that the trustee would be protected in its payment by receipts from Walter Estill, for whose support and the support of his children, the testator's grandchildren, the testator intended to provide. In other words, it is clear from the will as a whole that the testator was unwilling to devise to his son Walter Estill the corpus of one sixth of his estate, as he did in the case of another son, John H. Estill Jr., and yet was of the opinion that if Walter did not have an opportunity to dissipate the corpus, he could be trusted to receive, as it might be collected in fragments, the income which the testator intended to be applied for the support of his son and the support and education of his son's children until finally, after the death of Walter Estill and after the youngest child of Walter Estill had reached the age of twenty-one years, these children should receive this one sixth of the estate of the testator, which should be held until that time by the Citizens and Southern Bank. If this construction of the will be correct, the writing by which Walter Estill conveyed all his rights and interest in the estate of his father, and consented that Maria J. Estill be substituted in his place, can not in any way affect the rights of the petitioners in this case. There is nothing in the eighth item of the will or elsewhere in the entire last testament of John H. Estill, which empowered Walter Estill to convey any right of the petitioners in this case, who are children of Walter Estill.

*Howard* v. *Henderson,* 142 *Ga.* 1 (82 S. E. 292), was a case in which a father by will devised property to trustees for a daughter (instead of to a son as in the case at bar). In the will in that case the trustees were "to hold in trust for my daughter [naming her], when she shall arrive at the age of sixteen years, . . this property is to be kept for her sole and separate use and such child or children as she may have living at her death, not to be subject to any husband's debts." The will was probated in 1855, and on October 15, 1868, the daughter named in the will jointly with her husband executed a warranty fee-simple deed to H., who went into possession of the ·land and claimed an absolute fee-simple title therein until his death in 1912. The daughter named in the will died in 1911. On February 27, 1912, her surviving children brought suit to recover from H. the land conveyed by the item of the will just quoted. The defendant asserted a prescriptive title based upon possession of more than forty years, which had been continuous, open, and notorious under a claim of right, by purchase evidenced by a warranty deed from the daughter, who was the mother of the plaintiffs. This court held, although it appeared that the testator's daughter had no children in esse at the time of the testator's death, or when the will was probated, that the testator's daughter only took a life-estate, and that "inasmuch as the daughter was entitled to the exclusive possession of the land during her life and her vendee held possession under her, it is immaterial whether the trustee represented only her or both her and her children; and prescription did not begin to run against those entitled to the estate upon her death, until she died. . . The life-tenant under the will dying in 1911, . . her surviving children, as remaindermen, could maintain an action brought in 1912 against the administrator of H., the vendee of the life-tenant, for the land in controversy, notwithstanding the title and possession held by the defendant under a deed from the life-tenant, purporting to convey a fee-simple estate." The opinion in the *Henderson* case was the decision of six Justices, and it would seem to be controlling in the proper construction of the word "children" as employed in the trust created in behalf of the Citizens and Southern Bank as to the devise to Walter Estill and his children. Certainly, under the ruling in the *Henderson* case, a lawful child of Walter Estill can not be excluded because he or she was not in esse at the death of the

testator, merely because Walter Estill at that time happened to have one child, when in the case of Mrs. Henderson her children were entitled to take as remaindermen when no child of Mrs. Henderson was in esse at the time the will was probated. The testator in the present case used the word "children." Neither as a matter of law, nor from the circumstances of this case, can any presumption arise that Walter Estill would not have other children. The testator doubtless knew at the time he made his will that his son Walter Estill had only one child; and he was providing that the devise in which he was creating a life-estate for his son Walter should open upon the birth of any other children to his son Walter, to receive and take in all other children which might be born to him, who would share equally with Edward Van Estill whatever rights and benefits might accrue from the bequest.

In the recent case of *Calhoun* v. *Thompson,* 171 *Ga.* 286, 287-8 (155 S. E. 183), Mr. Justice Atkinson delivering the opinion of the court said: "The plaintiff sued in 1927, as remainderman under the will executed in 1865 by William B. Bryan, who died in 1872, the life-tenant having died in 1926. The devise was to Mary Jane Lewis, wife of J. B. Lewis, and 'upon' her death 'then' to her 'children who may be in life at the death of' their mother. At the date of the will and the death of the testator Mary Jane had two children in life. A third child (the plaintiff) was born after the death of the testator. The two elder children died before their mother died, one of them leaving children who are still in life, and the other leaving no children; and as a consequence the plaintiff was the only child of the said Mary Jane in life at the time of her death. There being no other words to show a different intention, the devise was to Mary Jane for her life, with remainder to her children as a class (*Toucher* v. *Hawkins,* 158 *Ga.* 482, 123 S. E. 618); and there being members of the class in life at the death of testator, the estate in remainder was vested, . . subject to be opened to let in afterborn children, and to be divested as to such children as should die before the death of their said mother. *Fields* v. *Lewis,* 118 *Ga.* 573 (45 S. E. 437) —by five Justices. See also *Crawley* v. *Kendrick,* 122 *Ga.* 183 (50 S. E. 41, 2 Ann. Cas. 643, and cit); 23 R. C. L. 533, § 77, notes 1, 19. The foregoing principle was not involved in *Baynes* v. *Aiken,* 166 *Ga.* 898 (144 S. E. 736), *Smith* v. *Smith,* 130 *Ga.* 532 (61 S. E. 114, 124 Am. St. R. 177), or *Lane* v. *Patter-*

*son,* 138 *Ga.* 710 (76 S. E. 47), as there were no members of the class designated to take in remainder living at the time the instrument took effect; nor was the principle involved in *Watson* v. *Adams,* 103 *Ga.* 733 (30 S. E. 577), *Saussy* v. *Powers,* 149 *Ga.* 471 (100 S. E. 566), *Harris* v. *McDonald,* 152 *Ga.* 18 (6) (108 S. E. 448), or *Dean* v. *Wall,* 154 *Ga.* 637 (115 S. E. 78), the devise not being to persons as a class; nor was the principle ruled upon directly in *Cushman* v. *Coleman,* 92 *Ga.* 772 (19 S. E. 46.)." In that case it was ruled: "Where land was devised by a testator (who died in 1872) to a married woman (who died in 1926), and upon her death then to her 'children who may be in life' at her death, she having two children at the date of the will (which two died after the testator's death and during their mother's lifetime), and a third child (the plaintiff) born after the testator's death, who survived her mother (the life tenant) : *Held,* that the devise (there being no words to show a different intention) was to the testator's daughter for her life, with remainder to her children as a class; and there being members of the class in life at the testator's death, the estate in remainder was vested at his death, subject to be opened to let in afterborn children, and to be divested as to such children as died before the death of their mother."

■ The second matter of inquiry is as to the effect of the judgment of the superior court of Chatham County, ratifying an agreement between Walter Estill and his wife, Maria J. Estill (now Mrs. C. B. Nelson), whereby she was substituted in lieu of Walter Estill. In other words, does that adjudication debar the petitioners in this case from participation in the income which the trustee, the Citizens and Southern Bank, receives under the terms of the will, designed to provide for the support and education of the children of Walter Estill? In our opinion the decree is without any effect whatever upon the petitioners in this case, under the terms of this will. It must be admitted, of course, that they were not parties before the court at the time of the rendition of the decree, and therefore can not be bound thereby, unless they were represented before the court by some one authorized to represent them. In addition to this, even if these minor petitioners now before the court had been properly represented and their probable birth in the future had authorized the court to deal with the subject, there are three reasons which prevent the decree of December

8, 1908, from debarring petitioners under the doctrine of res adjudicata. First, the purpose and intent of the testator clearly was to provide for the support and education of all the children of Walter Estill, the testator's grandchildren. Second, the will does not convey a present estate into either Walter Estill or his children until Walter Estill had died, and even after his death *the title* to the devise remains in the Citizens and Southern Bank until the youngest child of Walter Estill becomes of age. The will provides that the Citizens and Southern Bank shall hold the property, paying the income to Walter Estill, but "after his death . . the principal to be equally divided between them [the children] when the youngest child attains the age of twenty one years."

In *Goodrich* v. *Pearce,* 83 *Ga.* 781 (10 S. E. 451), it was held: "A devise to the testator's son, and after his death to his children, gives a life-estate to the son and a remainder to his child or children if he leave any, whether he had a child at the time of the bequest or not." This court said: "Downes, C. J., in 1 Ball & Beatty, 459, says that the doctrine in Wild's case, and the decisions founded upon it, established these propositions: 'Where the devise is in terms immediate, and so intended by the testator, and the description of the persons to take is general, then none that do not fall within the description at the time of the testator's death can take; therefore the afterborn must be excluded. But where the enjoyment of the thing devised is, by the testator's expressed intent, not to be immediate by those among whom it is finally to be divided, but is postponed to a particular period, or until a particular event shall happen, then those who answer the general description at that period, or when the event happens on which the distribution is to be made, are entitled to take.' Applying these rules to the case at bar, it is manifest that the testator did not intend that his grandchildren should take immediately, but that they were postponed until after the death of his son, because the will declares that the property is to vest in them after the death of his son. If the will had given the property to the son and his children, without postponing the possession of the grandchildren until after the death of his son, and the son had had children at the time, it would have been a joint estate, and they would have taken under our law as tenants in common with their father. If the bequest had been to the son and his children, without postponing the possession of the

latter until after the death of the son, and the son had had no children at the time, it would have been an estate tail, and under our law he would have taken an absolute fee. But where a bequest is to the son, and after his death to his children, the son takes a life estate in the property with a remainder to his children, if he dies leaving children. Nor does it make any difference, in the latter case, whether the son has children or not at the time of the bequest, for if he has children at the time of his death, the children take the remainder. So we think that the will in this case gave the son, James K. P. Jarris, a life-estate in this property, and he having died leaving· a child, the plaintiff in the court below, she was entitled under the law to the remainder in the property bequeathed to her father."

Edward Van Estill was living at the time that the will was executed; but in *Cooper* v. *Mitchell Investment Co.*, 133 *Ga.* 769 (66 S. E. 1090, 29 L. R. A. (N. S.) 291), where by one item of his will a testator, who died in 1903, devised and bequeathed certain land and personalty "to my children by my first wife and their children after them," it was held "that such devise did not create an absolute fee-simple estate in a daughter of the testator by his first wife, which daughter was living at his death and had one child, who was also in life; but it created a life-estate in the daughter as to such share, with remainder over, there being nothing in the will to show a different intent. . . A child of the daughter of the testator in esse at the death of the testator took a vested remainder estate, subject to open and let in children of the daughter born after the testator's death and during the continuance of the life-estate." And so in this case we are of the opinion, especially in view of the fact that the testator used the word "children" instead of "child," when he knew that Walter Estill at that time had only one child, that the testator intended that the devise should open to take in children which might be born to Walter Estill. As to this, in *Cooper* v. *Mitchell Inv. Co.*, supra, the court said: "Next arises the question whether the remainder was vested or contingent, and whether children of the testator's daughter born after his death took any interest therein. In Wild's case, 6 Coke, 17 (edition of Thomas & Fraser, vol. III, 288), land was devised to A for life, the remainder to B and the heirs of his body, the remainder to 'Rowland Wild and his wife, and after their decease to their children.' Row-

land and his wife then had issue, a son and daughter; and afterwards the devisor died, and after his decease A died, B died without issue, Rowland and his wife died, and the son had issue, a daughter, and died. The question was whether Rowland Wild and his wife took an estate tail, or an estate for life, with remainder to their children. 'This difference was resolved for good law, that if A devises his lands to B and to his children or issue, and he hath not any issue at the time of the devise, that the same is an estate tail. . . But it was resolved, that if a man, as in the case at bar, devises land to a husband and wife, and after their decease to their children, or the remainder to their children; in this case, although they have not any child at the time, yet every child which they shall have after may take by way of remainder, according to the rule of the law; for his intent appears that their children should not take immediately, but after the decease of Rowland and his wife.' As a will does not become effective until after the death of the testator, and prior to that time is subject to be modified or revoked, a devise does not become absolute and unalterable until then. In *Goodrich* v. *Pearce, 83 Ga.* 781 (10 S. E. 451), it was held that a devise to the testator's son, and after his death to his children, gives a life-estate to the son and a remainder to his child or children if he leave any, whether he had a child at the time of the bequest or not. *Plant* v. *Plant, 122 Ga.* 763 (50 S. E. 961), involved an immediate gift of real estate by deed to a man as trustee for his wife and their children; and it was accordingly held that only such children as were in life when the deed was executed took any interest under it, and that afterborn children took nothing. Mr. Jarman thus states the rule (2 Jarman on Wills (6th ed.), 167, 168, *1010, 1011) : 'An *immediate* gift to children (i. e., a gift to take effect in possession immediately on the testator's decease), whether it be to the children of a living or deceased person, and whether to children simply or to all the children, and whether there be a gift over in case of the decease of any of the children under age or not, comprehends *the children living at the testator's death (if any),* and those only; notwithstanding some of the early cases, which make the date of the will the period of ascertaining the objects. . . Where a particular estate or interest is carved out, with a gift over to the children of the person taking that interest, or the children of any other person, such gift will embrace not only the

objects living at the death of the testator, *but all who may subsequently come into existence before the period of distribution.* Thus in the case of a devise or bequest to A for life, and after his decease to his children, or . . to A for life, and after his decease to the children of B, the children (if any) of B living at the death of the testator, together with those who happen to be born during the life of A, the tenant for life, are entitled, but not those who may come into existence after the death of A.' See also *Olmstead* v. *Dunn,* 72 *Ga.* 850; *Crawley* v. *Kendrick,* 122 *Ga.* 183, 184 (50 S. E. 41); Gardner on Wills, 447, 449; Schouler on Wills (3d ed.), §§ 529, 530; Page on Wills, § 548; 30 Am. & Enc. Law (2d ed.), 721 (b) and citations. In *Crawford* v. *Clark,* 110 *Ga.* 729 (36 S. E. 404), Simmons, C. J., said: 'It can not be disputed that a devise to A, and *after her death* to her child or children (whether she has a child or children at the time of the devise or not) would give a life-estate to A, with remainder in fee to her children then in being or afterwards born;' and after citing authorities he added: 'Such a devise is entirely different from one to A and her children, she then having no children, as is pointed out in Wild's case, and in Ginger dem. White *v.* White, Miller *v.* Hunt, Sandford *v.* Sandford, and Brown *v.* Brown, supra.' . . The law favors the holding of estates to be vested rather than contingent, in cases of doubt; and in devises of the kind here involved, it declares the remainder to be vested in the child or children living at the testator's death, but subject to open and let in afterborn children during the continuance of the life-estate, rather than that the remainder is contingent. Where a different construction has been placed on a provision of a will, it will be found generally that superadded words have indicated a different intent. Thus in *Smith* v. *Smith,* 130 *Ga.* 532 (61 S. E. 114), the remainder was to children of the life-tenant 'that she may leave in life.' 13 Cyc. 647, 648; Doe d. Poor *v.* Considine, 6 Howe (U. S.), 458 (18 L. ed. 869). We hold that the item of the will of Mitchell now under consideration created a life-estate in his daughter by his first wife, as to her share, with remainder over; and that her child living at the time of the testator's death took a vested-remainder estate, subject to open and let in children of the testator's daughter born during the continuance of the life-estate. The presiding judge having based his refusal of an injunction expressly on the ground that the testator's daughter took an estate in fee simple and her children took no interest, this was error."

Third, even if the trust be an executory and not an executed trust, the property was conveyed to a trustee, and title to the property vested in the Citizens & Southern Bank until the youngest child of Walter Estill should become twenty-one years of age, and then the property devised in trust was to be divided among the children. At this time the title is in the trustee. The title will not vest in the beneficiaries until the trust ceases, that is until Walter Estill dies and his youngest child becomes twenty-one years of age. Prior to this time the beneficiaries to the fee can not be definitely ascertained, and until that time the title may open to include children born or to be born to Walter Estill; and for that reason the income should be paid to these children, or to some one for their support and education. In these circumstances, the agreement between Walter Estill and Maria J. Estill (now Mrs. C. B. Nelson), and the decree of the superior court of Chatham County ratifying the same and substituting Maria J. Estill in the place of Walter Estill, can not in any wise affect the rights of the petitioners in this case, whether the trust be treated as executed or executory. In *Ford* v. *Cook,* 73 *Ga.* 215, it was held "that the will created an estate for life in the daughter of the testator, with remainder to her children living at her death." In *Walts* v. *Boolhe,* 148 *Ga.* 376 (96 S. E. 863), it was held: "1. The provision of the will above quoted created an estate for life in Dolly Ann, the daughter of the testator, with remainder to such child or children as she may leave at her death; and if she should leave no child or children, then in trust for the other daughters of the testator and their children. The trustees appointed under the will were not trustees for the life-tenant only, but for the life-tenant and remaindermen, and the trust was executory at least until the death of the life-tenant, when the possibility of having children would become extinct, and it could be ascertained to whom the estate would ultimately go. *Ford* v. *Cook,* 73 *Ga.* 215; *Dean* v. *Central Colton Press Co.,* 64 *Ga.* 670; *In re Dougan,* 139 *Ga.* 351 (77 S. E. 158, 48 L. R. A. (N. S.) 868, Ann. Cas. 1924B, 868). . . The rulings in *Overstreet* v. *Sullivan,* 113 *Ga.* 891 (39 S. E. 431), *Smith* v. *McWhorter,* 123 *Ga.* 287 (51 S. E. 474, 107 Am. St. R. 85), and *Seaboard Air-Line Ry.* v. *Simmerville,* 142 *Ga.* 317 (82 S. E. 890), upon review on request as provided in Civil Code, § 6207, are overruled in so far as they hold that the estates in remainder in each were legal and not

comprehended by the trust." In the light of this decision, the trust is executory, and children born after the death of the testator will take, regardless of the decree in which no effort was made to have an adjudication upon their probable rights, and by which they are not bound.

The judge of the superior court did not err in overruling the demurrer to the petition.

*Judgment affirmed. All the Justices concur, except Atkinson and Gilbert, JJ., disqualified.*

### ON MOTION FOR REHEARING.

RUSSELL, C. J. In the motion for rehearing it is stated that the decision as rendered leaves open and unsettled certain questions upon which the bank as trustee should be instructed for its future guidance and protection. After a careful consideration of this motion, we have concluded that our decision is a sufficient treatment of the case as presented. Upon the trial of the case the parties will have an opportunity to amend, and can then invoke the court's judgment upon any additional question as to which an issue may be properly made and which has not been adjudicated in the foregoing decision. This court could not undertake to determine an issue not made by the present record, merely to prevent possible litigation which may arise upon some future contention. So, in all the circumstances, we have deemed it proper to deny the motion for a rehearing, without further deliverance than that which is stated in the decision heretofore rendered. *Rehearing denied.*