## ACREE *et al. v.* RAY *et al.*

No. 11643. April 14, 1937.

*E. C. Stark,* for plaintiffs in error.

*J. B. G. Logan* and *Wheeler & Kenyon,* contra.

Bell, Justice. On March 21, 1890, Moses Brooks and Malissa Brooks executed to James J. Ray and Cynthia M. Ray a deed

conveying to them a described tract of land in Banks County, for life, "and the fee after their death to vest in the children then living of James J. Ray and Cynthia M. Ray, born unto them from their coverture." The deed recited that it was made "for and in consideration of the promises and agreements and undertaking set forth in the contract hereto attached." The grantors predeceased the grantees, who on their deaths were survived by five children and the children of one child who also predeceased them. A controversy arose between the children of the grantees on the one side, and the children of the deceased child on the other, as to whether such children of the deceased child were entitled to a share in the property. As a result, Gus Ray, George Ray, Lindsy Ray, and Fletcher Ray, as four of the five surviving children of the grantees, they having purchased the interest of the fifth child, filed the present suit for injunction and other relief, againsst James Acree, Hubert Acree, William Acree, and Mrs. Lonnie Thompson, whose mother was a child of the grantees, but was not in life at the death of either of them. The petition alleged that the defendants were claiming a one-sixth interest in the property, and were harassing and annoying the plaintiffs by interfering with their possession, and prayed for a decree settling the title in the plaintiffs, and for injunction and general relief. The defendants filed an answer admitting the execution and delivery of the deed as alleged in the petition, and admitting also the plaintiffs' averments as to the relation and survivorship of the parties. The answer asserted that the deed on its face shows an intention on the part of the makers that these defendants, representing their mother, should together take a one-sixth undivided interest in the property, and prayed for a decree to that effect. The plaintiffs attached to their petition a copy of the deed in question, without the contract referred to therein, but no objection was made to the petition on account of the omission.

The case was submitted to the judge, without a jury, upon an agreed statement embodying the facts shown by the pleadings, and the judgment was in favor of the plaintiffs. The defendants moved for a new trial, and later amended their motion by attaching thereto a copy of the contract referred to in the deed and offering it as newly discovered evidence. It appears from this contract that James J. Ray and Cynthia M. Ray agreed to care

for and wait upon Moses Brooks and Malissa Brooks for and during their natural lives, and, among other things, to furnish, if necessary, clothing, provisions, and medical attention, and that if they should fail to perform any reasonable request for the comfort, welfare, or convenience of the grantors, "then the deed hereto attached is void and the land becomes forfeited." The contract also required the grantees to furnish to the grantors Christian burials and modest tombstones in keeping with their lives and habits. It also provided: "In case we, James J. Ray and Cynthia M. Ray, should die before Moses and Malissa Brooks, then it devolves upon our children to fully carry out and perform our part of this contract; and in case they fail to do so, then the deed hereto attached is void and the land forfeited, and the land shall belong to the estate of Moses and Malissa Brooks. With the considerations and exceptions and promises to faithfully and affectionately perform our agreement and contract, we accept the deed hereto attached." The movants showed that the grantees performed their obligations under this contract in every particular, and no question of forfeiture is involved. The contention made by the movants was that such performance by the grantees, together with their act of taking possession of the property, rendered the transaction one of purchase and not of gift, and that "the recitations contained in said deed attempting to limit the enjoyment of said property to a life estate in the said James J. Ray and Cynthia M. Ray, with remainder over to a class, were null and void and of no effect, and the deed when taken in connection with said contract which was and is a part of said deed, is a contract of purchase, and the fee can not be limited by words of limitation on the part of the grantor." The court overruled the motion for new trial, and the defendants excepted.

The court did not err in rendering judgment in favor of the plaintiffs or in overruling the defendants' motion for a new trial. The effect of the deed was to vest in the grantees a life-estate, with remainder to such children, "born unto them from their coverture," as were living at their death. While the mother of the defendants was a child of the grantees, she was not living at their death, and the word children did not include grandchildren. It follows that if the deed be treated as one creating a life-estate in the grantees, with remainder to children born unto them from

their coverture and living at their death, neither the defendants nor their mother ever became vested with any interest in this property. See, in this connection, *Smith* v. *Smith,* 130 *Ga.* 532 (61 S. E. 114, 124 Am. St. R. 177); *Bell* v. *Brinson,* 151 *Ga.* 583 (108 S. E. 47); *Baynes* v. *Aiken,* 166 *Ga.* 898 (1, *b*) (144 S. E. 736); *Calhoun* v. *Thompson,* 171 *Ga.* 286 (2) (155 S. E. 183); and compare *Patterson* v. *Patterson,* 147 *Ga.* 44 (92 S. E. 882). There is no merit in the contention, that, because of the nature of the consideration and of its satisfaction by the grantees, the deed should be construed to convey the fee-simple title without limitation or restriction. Under this contention, the defendants seemingly advance the theory that the deed conveyed an absolute estate, and that they are entitled to inherit from the grantees as grandchildren representing their deceased mother. The deed on its face clearly granted a life-estate with remainder as indicated, and there is nothing in the contract to authorize a different construction. The parties to the deed were respectively free to make and accept it with such limitation; and under the facts appearing, the defendants have no interest in the property.

*Judgment affirmed. All the Justices concur.*