NELSON *et al.* v. ESTILL *et al.*

No. 13130. MAY 15, 1940.

*Ernest J. Haar,* for plaintiff in error.
*Fred B. Davis* and *Oliver & Oliver,* contra.

BELL, Justice. This was a suit by the minor children of Walter Estill, suing by their mother as next friend, to set aside a consent decree entered in a previous suit by the same plaintiffs through their father as next friend, after the decision therein by this court in *Nelson* v. *Estill,* 175 *Ga.* 526 (165 S. E. 820). Walter Estill

was a son of J. H. Estill, who died in 1907, leaving a will which was probated in November of that year. At the time of the testator's death, Walter Estill and Maria J. Estill were husband and wife, and they had a son, Edward Van Estill, who was about ten years old. Walter Estill and Maria J. Estill were later divorced, and each remarried, the second wife of Walter Estill being Catherine Frazier Estill. By his second marriage three children were born, namely, Edith Virginia Estill, Walter Estill Jr., and Lloyd Estill. The litigation relates to the right of these children to share as beneficiaries under the will of their grandfather, J. H. Estill. In the eighth item of his will J. H. Estill directed his executors to pay to the Citizens & Southern Bank one sixth of his estate, "which it shall hold as trustee, upon the following uses and trusts, namely, to pay the income therefrom to my son Walter Estill during the term of his natural life, for the support of himself and the support and education of his children, and after his death said income to be applied to the support and education of his children, the principal to be equally divided between them when the youngest child attains the age of twenty-one years. In the event of the death of either of said children during the minority and without leaving issue, the share of the one so dying shall go to the survivor or survivors, children of a deceased child to represent the parent." It appeared in the former litigation that on October 30, 1908, Walter Estill executed to Maria J. Estill, who was his wife at that time, an instrument directing the Citizens & Southern Bank, as trustee, thenceforth to pay unto her all moneys arising from the interest and share of Walter Estill, and his son Edward Van Estill, under the will of J. H. Estill. The terms of this instrument were approved by a decree of the superior court on December 8, 1908, and it was not until after this decree was entered that Walter Estill was divorced and remarried; so that the present plaintiffs were not in life at that time. On May 13, 1931, the present minor children of Walter Estill by his second marriage, suing by their father as next friend, filed a suit against Mrs. C. B. Nelson, formerly Maria J. Estill, Edward Van Estill, and the Citizens & Southern National Bank, formerly Citizens & Southern Bank, as trustee under the will of J. H. Estill, praying, among other things, that the order of December 8, 1908, be set aside and vacated, and that a decree be passed directing the trustee to pay to petitioners the income ac-

cruing under item 8 of the will of J. H. Estill, that reasonable attorneys' fees be awarded to counsel of record for their services in prosecuting the litigation, and that the trustee be permanently enjoined from paying to Mrs. C. B. Nelson any of the income arising under item 8 of the will; and for general relief. The court overruled a demurrer to the petition, and that judgment was affirmed by this court, the rulings stated in the headnotes being as follows:

"1.  Properly construed in the light of the testamentary scheme evidenced by the will as a whole, a devise which gave ' to the Citizens and Southern Bank of Savannah one sixth part [of the residuum of testator's estate], which it shall hold as trustee upon the following uses and trusts, namely, to pay the income therefrom to my son Walter Estill during the term of his natural life, for the support of himself and the support and education of his children, and after his death said income applied to the support and education of his children, the principal to be equally divided between them when the youngest child attains the age of twenty-one years,' conveyed title to the property to the named trustee in trust for the support of the named son for his life, with remainder in fee to his children. The trust is executory, and the bequest to his 'children' as a class opens to include any child or children which may be born to the testator's son.

"2.  The decree of the superior court, rendered on December 8, 1908, which directed the trustee of the property referred to in the preceding headnote to pay the income therefrom to Maria J. Estill, instead of to Walter Estill, is without any effect whatever upon the petitioners in this case, under the terms of the will. The purpose and intent of the testator clearly was to provide for the support and education of all the children of Walter Estill. The will does not convey a present estate into his children until Walter Estill has died, and even after his death *the title* to the property remains in the Citizens and Southern Bank until the youngest child of Walter Estill becomes of age. The trust was executory, not executed.

"3.  The court did not err in overruling the demurrer to the petition." *Nelson* v. *Estill,* supra. Following that decision, the superior court entered a decree reciting that it was entered by consent of the parties, except as to attorneys' fees, which decree disposed of the litigation in a manner which was inconsistent with the decision by this court and prejudicial to the plaintiffs, the terms of such decree being as follows:

"1. The Citizens and Southern National Bank, of Savannah, Georgia, trustee for the Walter Estill trust under the will of John Holbrook Estill, bearing date August 28, 1906, be and it is hereby authorized and directed to pay to Walter Estill, a son of testator, one half (1/2) of the net income (less the deduction provided in the 4th paragraph hereof) arising from the trust in the eighth item of the will of testator, for the support of himself, and the support and education of the lawful children of Walter Estill, whether born before or after the probate of the will of the testator, or at any time thereafter, except Edward Van Estill, and that the other one half (1/2) of the said net income be paid to the defendant, Mrs. C. B. Nelson, for the support of herself and her son Edward Van Estill; this being a final provision as to the said income and the rights of the parties thereto.

"2. That upon the death of Walter Estill and the attainment of his or her majority by his youngest child, the corpus, covered by the said eighth item, shall be distributed as directed by the said eighth item heretofore construed by the courts.

"3. The trustee will pay the court costs out of the trust assets in his hands.

"4. It is further ordered, adjudged, and decreed, that the trustee be and it is hereby authorized and directed to pay from the corpus of the estate to Spence M. Grayson, H. Mercer Jordan, and Abrahams, Bouhan, Atkinson & Lawrence, attorneys for the plaintiffs, as attorneys' fees for prosecuting this action, the sum of two thousand ($2000) dollars, to be charged as follows: $500 to be paid from the entire corpus of the estate and charged against the entire corpus; $1500 to be paid from the corpus of the estate and charged against that share of the corpus which will be received by the plaintiffs and those coming within the class of the plaintiffs in this case.

"The part of the income of the estate to be paid to Mrs. C. B. Nelson, and Edward Van Estill, provided in par. 1 of this decree, shall not be diminished by reason of the payment of the $1500 fee, but the income going to the plaintiffs (and any other children of their class) shall be reduced in a sum equivalent to the income from the said $1500 so paid as attorneys' fees.

"Done in open court, at Savannah, Georgia, this 9th day of August, 1933."

On January 12, 1939, the present suit was filed in behalf of the same minor children by the second marriage, by their mother as next friend, for the purpose of setting aside and vacating the foregoing "consent" decree of August 9, 1933. It is this latter suit which forms the basis of the present writ of error. The defendants were Mrs. C. B. Nelson, formerly Maria J. Estill, Edward Van Estill, the Citizens & Southern National Bank as trustee, and Walter Estill. The petition, after setting forth the relationship of the parties and the history of the litigation, including the decision and judgment of the Supreme Court in favor of the plaintiffs, alleged the following:

"9th. Mrs. C. B. Nelson (formerly Maria J. Estill) became infuriated upon learning from attorneys, Messrs. Adams, Adams and Douglas, for the trustee, and Charles D. Russell, for Mrs. Nelson and Edward Van Estill, that the Supreme Court had declared no part of the income from the trust estate of the late J. H. Estill should be or could be assigned or decreed to her. She knew that Walter Estill, after his separation from her and after the divorce granted between them, had been intemperate in his habits and indiscreet in his conduct. The defendant, Mrs. Nelson, led her attorneys to believe that proper proof might be offered of the fact that Walter Estill had never been legally married to your petitioner, Catherine Frazier Estill, that the children of such marriage [were] illegitimate because of the invalidity of such marriage, or because one or more of said children were not the issue of the marriage of Catherine Frazier Estill and Walter Estill; and she further harassed and disturbed Walter Estill on the ground that other or further alimony affecting his property or the rights of his children would be claimed against him by her, and the litigation then pending be continued for such a time as would cause Walter Estill, Catherine Frazier Estill, and their three children to endure financial hardship because of the failure of that income for their support and maintenance during the period of litigation.

"10th. Walter Estill knew that his marriage to Catherine Frazier Estill on February 25, 1920, was entirely legal, that the children of such marriage, Edith Virginia Estill, Walter Estill, Jr., and Lloyd Estill, were the legitimate children of such marriage, and that the claim for alimony against him, in so far as Mrs. Nelson was concerned, terminated upon her marriage to C. B. Nelson.

Knowing himself to be guilty of conduct which would reflect on him, and not being willing to face the issue and trial before a jury in Chatham superior court on the question of the legality of his marriage to Catherine Frazier Estill and the legitimacy of their children, he having contracted his marriage to Catherine Frazier Estill under the name of J. W. Boyles, Walter Estill urged to his attorneys that Mrs. Nelson be placated by the entry of a consent decree in the litigation then pending. Such decree would provide benefit to her from the proceeds of the trust created by J. H. Estill, when in fact she was not entitled to any such benefit or the entry of any such decree, under the ruling of the Supreme Court of Georgia (*Nelson* v. *Estill,* 175 *Ga.* 526). Walter Estill urged his attorneys that they agree to a decree in Chatham superior court which would recite that it was a consent decree, even though Mrs. Nelson, her counsel, and counsel for the trustee knew that such consent of Walter Estill and his attorneys had not been freely and voluntarily given, but had been obtained through his gross laches and unfairness to the rights of his children, plaintiffs herein, and because of his personal financial stringency and fear of exposure of his personal indiscretions. Such conduct on the part of Walter Estill was grossly unfair to his children, and constituted gross laches by him in his capacity as next friend, in that he agreed that his attorneys agree to the decree signed by the Hon. Peter W. Meldrim in Chatham superior court on August 9, 1933, copy of which decree is hereto annexed as Exhibit 2 and by reference made a part hereof, when in fact such decree did not give the children of Walter Estill the rights declared to them by the Supreme Court of Georgia.

"11th. Said decree of Chatham superior court, dated August 9, 1933, was and is contrary to law, in that:

"a: It provided that one half of the net income from the estate of John Holbrook Estill should be paid to Mrs. C. B. Nelson for the support of herself and her son, Edward Van Estill, when the law of the case as announced by the Supreme Court in the decision on the demurrer (*Nelson* v. *Estill,* 175 *Ga.* 526) excluded Mrs. Nelson from receiving from the trustee any part of the income under the terms of the will of the said J. H. Estill, and excluded any child who should become 21 years of age and self-supporting.

"b: Said decree purported to be a final provision as to the in-

come from the estate of J. H. Estill, when the law of the case as announced by the Supreme Court was that any children subsequently born to Walter Estill should participate rateably in such income during minority until Walter Estill should have died and the youngest should have attained the age of 21 years.

"c: Said decree of August 9, 1933, properly allowed attorneys for Walter Estill a fee of $2000, but in violation of law directed that $1500 thereof should be charged against that share of the corpus which would in the future be received by Edith Virginia Estill, Walter Estill Jr., and Lloyd Estill, and others coming within the class of these three, and that no part of the income of said estate, paid to Mrs. C. B. Nelson for the benefit of herself and Edward Van Estill, should be diminished by reason of the payment of the $1500 part of fee, but the income going to Walter Estill and his children by the marriage to Catherine Frazier Estill and any other children of their class should be reduced in a sum equivalent to the income from the sum of $1500 so paid to the attorneys of Walter Estill, when in law the fee of the attorneys for Walter Estill and his children was properly chargeable against the entire corpus of the estate, and the income to all legitimate beneficiaries should have been diminished in like proportion in so far as diminution was occasioned by the share of the fee; and no part of said income could properly be payable to Mrs. C. B. Nelson."

The plaintiffs prayed for a decree vacating and setting aside the judgment or decree of August 9, 1933, and that a new decree be entered in favor of the plaintiffs in accordance with the law and the former decision by this court; and for other and general relief. The defendants filed a general and special demurrer, which the court overruled, and the defendants excepted. In the brief filed for them it is insisted: (1) That the former judgment is binding and conclusive upon the plaintiffs, and that the petition does not allege sufficient facts to justify the court in now setting it aside; (2) that the petition is barred by the statute of limitations (Code, § 3-702), providing that all proceedings to set aside judgments or decrees shall be instituted within three years; (3) that the court erred in overruling two grounds of special demurrer attacking stated allegations as mere conclusions of the pleader.

■ "The judgment of a court of competent jurisdiction may be set aside by a decree, for fraud, accident or mistake, or the acts of

the adverse party unmixed with the negligence or fault of the petitioner." Code, §§ 37-219, 110-710. "Fraud will authorize equity to annul conveyances, however solemnly executed, and to relieve against awards, judgments, and decrees obtained by imposition." § 37-709. It is argued for the plaintiffs in error that the petition alleged no fraud or duress on the part of Mrs. Nelson or other defendant, resulting in the decree which the plaintiffs seek to have canceled, but shows upon its face that it was grounded upon "gross laches and unfairness to the rights of his children" on the part of Walter Estill as their father and next friend. (For allegations as to the conduct and motives of the parties, see paragraphs 9, 10, and 11 of the petition, as quoted in the preceding statement.) It may be true that the petition fails to show an original intention on the part of Mrs. Nelson to bring about a result so prejudicial to the plaintiffs as finally appeared in the consent decree of August 9, 1933; but it clearly appears that her conduct did so coerce the plaintiffs' father and next friend that he was moved to that end, and that she and her son, Edward Van Estill, accepted and still accept the fruits of that accomplishment, to the hurt and damage of the plaintiffs. The petition shows a breach of trust and violation of the plaintiffs' rights on the part of Walter Estill as their next friend, with ratification on the part of Mrs. Nelson and her son by acceptance of the advantages resulting to them. The fraud or breach of trust thus became mutual, and furnished cause for setting aside the decree at the instance of the minor plaintiffs. But even if the fraud or breach of trust should be attributed only to Walter Estill himself, the petition would still not be wanting in equity where the opposite parties were mere volunteers, as were these defendants, so far as related to the share of the plaintiffs in the estate of their grandfather. Compare *Mashburn* v. *Dannenberg,* 117 *Ga.* 567 (5) (44 S. E. 97); *Paylon* v. *Paylon,* 148 *Ga.* 486 (97 S. E. 69); *Fletcher* v. *Fletcher,* 158 *Ga.* 899 (7) (124 S. E. 722). The plaintiffs are not estopped because they received a portion of the funds to which they were entitled. "Equity does not require the useless procedure upon the part of the plaintiff to return a part of her just proportion only to have it included in the larger sum due to her and which she seeks to recover." *Farnell* v. *Brady,* 159 *Ga.* 209 (2) (125 S. E. 57).

The plaintiffs in error invoke the general rule that an infant is

bound by a judgment rendered in a suit in which he is represented by a next friend, to the same extent as though he were an adult. *Walden* v. *Walden,* 128 *Ga.* 126 (7) (57 S. E. 323); *Reeves* v. *Lancaster,* 147 *Ga.* 675 (95 S. E. 246), s. c. 159 *Ga.* 540 (4) (126 S. E. 480). This general rule is subject to an exception in case of fraud, collusion, or like conduct on the part of the next friend. *Watkins* v. *Lawton,* 69 *Ga.* 671 (3); *Gentle* v. *Georgia Power Co.,* 179 *Ga.* 853, 854 (177 S. E. 690); *Hargrove* v. *Youmans,* 181 *Ga.* 614 (183 S. E. 564). In such case the judgment may be set aside at the instance of the minor, and this is true although it may be a consent judgment. *Mobley* v. *Belcher,* 144 *Ga.* 442 (87 S. E. 470); *Carroll* v. *Atlantic Steel Co.,* 151 *Ga.* 378 (106 S. E. 908); *Speck* v. *Speck,* 42 *Ga. App.* 517 (156 S. E. 706); 31 C. J. 1141, § 298. The court did not err in overruling the demurrer on the general ground that the petition did not set forth a cause of action.

■ The Code declares that all proceedings of every kind to set aside judgments or decrees of courts shall be instituted within three years from the rendition of such judgments or decrees. § 3-702. The present suit was not filed within three years from the date of the judgment which it seeks to have canceled, and it is insisted by the defendants that it is barred by limitation. We can not agree to this contention. The Code further declares that infants and others laboring under disability "shall be entitled to the same time, after the disability shall have been removed, to bring an action, as is prescribed for other persons." § 3-801. Under this statute the plaintiffs, who are minors, are not barred. *Brinsfield* v. *Robbins,* 183 *Ga.* 258 (188 S. E. 7). This is true notwithstanding their mother and father have acted successively as next friend, and although each of them may have known of the cause of action from its very inception, on rendition of the judgment of August 9, 1933. The father ceased to act as next friend on the termination of the former litigation, and the mother did not begin to act until the beginning of the present litigation. But what is still more important is, the title to the cause of action was in the plaintiffs themselves, and representation by another in any fiduciary capacity would not cause the statute to run against them. *Grimsby* v. *Hudnell,* 76 *Ga.* 378 (2 Am. St. R. 46); *Monroe* v. *Simmons,* 86 *Ga.* 344 (12 S. E. 643); Funk *v.* Wingert, 134 Md. 523 (107 Atl. 345, 6 A. L. R. 1686, 1689, note. The court did not err in over-

ruling the demurrer so far as it related to the statute of limitations.

The only other grounds to be considered are stated in par. 3, in which the defendants demurred specially to paragraph 9 of the petition, for the reason that "said paragraph as a whole is vague and indefinite and lacking in particularity, in that: (a) .The allegation that 'She knew Walter Estill, after his separation from her and after the divorce granted between them, had been intemperate in his habits and indiscreet in his conduct,' is a conclusion of the pleaders without facts to sustain same. (b) That the allegation 'The defendant, Mrs. Nelson, led her attorneys to believe that proper proof might be offered of the fact that Walter Estill had never been legally married to your petitioner, Catherine Frazier Estill, that the children of such marriage were illegitimate because of the invalidity of such marriage or because one or more of said children were not the issue of the marriage of Catherine Frazier Estill and Walter Estill, and she further harassed and disturbed Walter Estill,' etc., is a conclusion of the pleaders, without setting forth any facts upon which to sustain said allegations." There was no error in overruling either of these two grounds. In the first, the defendants attacked an allegation as to what Mrs. Nelson *knew;* and in the second, an allegation as to what *she did.* Considering the purpose of these averments, neither of them was subject to demurrer on the ground that it was a mere conclusion of the pleader. *McDowell* v. *Donalson,* 149 *Ga.* 600 (101 S. E. 578); *Brown* v. *Parks,* 169 *Ga.* 712 (3) (151 S. E. 340, 71 A. L. R. 271); *Calbeck* v. *Herrington,* 169 *Ga.* 869, 871 (152 S. E. 53); *Morris* v. *Mobley,* 171 *Ga.* 224 (155 S. E. 8); *Shirley* v. *Standard Oil Co.,* 172 *Ga.* 191 (157 S. E. 267). The petition stated a cause of action, and was not subject to demurrer upon any ground taken. The judgment overruling the demurrer is

*Affirmed. All the Justices concur.*